UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
OCT 20 2014
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

W.P.

    Plaintiff

vs.

Civil Action No. 3:14-CV-01893-JAP-TJB

Honorable Tonianne J. Bongiovanni

PRINCETON UNIVERSITY
CYNTHIA CHERREY
COLE CRITTENDEN
KATHLEEN DEIGNAN
JOHN KOLLIGIAN
ANITA MCLEAN
MICHAEL OLIN
SHIRLEY TILGHMAN
DOES 1-10

**NOTICE OF MOTION**

    Defendants

PLEASE TAKE NOTICE Plaintiff W.P. ("Plaintiff") will move before the Honorable Tonianne J. Bongiovanni, U.S.D.J., on Monday, November 17, 2014 for an Order granting leave to proceed anonymously and otherwise protecting the identity of the Plaintiff from public disclosure.

The motion, supporting affidavit, and proposed form of order are attached, as is a supporting brief. These items were originally filed with the court on March 26, 2014, at which time, through the error of the Plaintiff, no notice of motion was filed. The Plaintiff hereby renews all statements earlier made under penalty of perjury. Also attached is a Certificate of Service. No oral argument is requested.

DATE: October 20, 2014

_/s/ W.P._
W. P.
[Address Redacted]
Jon.doe5654@yahoo.com
*Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

W.P.
        Plaintiff

vs.

PRINCETON UNIVERSITY
CYNTHIA CHERREY
COLE CRITTENDEN
KATHLEEN DEIGNAN
JOHN KOLLIGIAN
ANITA MCLEAN
MICHAEL OLIN
SHIRLEY TILGHMAN
DOES 1-10
        Defendants

Civil Action No. _____

RECEIVED

MAR 26 2014

AT 8:30_____ M
WILLIAM T. WALSH
CLERK

## APPLICATION FOR ORDERS GRANTING LEAVE TO PROCEED ANONYMOUSLY AND OTHERWISE PROTECTING THE IDENTITY OF THE PLAINTIFF FROM PUBLIC DISCLOSURE

Plaintiff hereby petitions the court for orders (A) granting leave to file suit under a pseudonym, (B) granting protective orders further protecting the identity of the plaintiff, and (C) excluding the public from those portions of the proceedings where the identity of the plaintiff may be revealed. A copy of the proposed orders is attached.

As set out in the accompanying brief, the complaint in this matter alleges discrimination by the Defendants against Plaintiff on grounds of mental disability. The complaint also alleges unlawful disclosure, distortion, and misuse of Plaintiff's confidential medical records detailing matters he discussed with various mental health professionals. If Plaintiff's identity is made public he will suffer public stigma and additional emotional distress. As also set out in the accompanying brief, the Plaintiff's identity is well-known to Defendants and they will suffer no injury by reason of grant of the requested orders.

Plaintiff is filing herewith copies of his Complaint setting forth his name and contact information, as well as copies of a redacted version. Plaintiff requests that only the latter be publicly filed pending resolution of this application.

Dated: Princeton, New Jersey
      March 25, 2014

Respectfully Submitted,

_____
W.P.

Re: **W.P. v. Princeton et al, Civil Action** _____

It is on this \_\_ day of March, 2014,

ORDERED that Plaintiff is allowed to proceed in pseudonym and the docket shall reflect Plaintiff's name as W.P.; and it is further

ORDERED that Plaintiff will be referred to as W.P. in all depositions, pleadings and other documents related to this litigation, and the Plaintiff shall be allowed to endorse documents related to this litigation using the pseudonym, W.P.; and it is further

ORDERED that in all proceedings held before this Court, including trial, all counsel, witnesses and court personnel present shall refer to plaintiff by his pseudonym, W.P.; and it is further

ORDERED that the public be excluded from those portions of the proceedings where the identity of the plaintiff may be revealed; and it is further

ORDERED that the terms of this Order shall remain in effect until further Order of this Court.

_____

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

W.P.

    Plaintiff

Civil Action No. _____

vs.

PRINCETON UNIVERSITY
CYNTHIA CHERREY
COLE CRITTENDEN
KATHLEEN DEIGNAN
JOHN KOLLIGIAN
ANITA MCLEAN
MICHAEL OLIN
SHIRLEY TILGHMAN
DOES 1-10

    Defendants

**BRIEF IN SUPPORT OF APPLICATION FOR ORDERS GRANTING LEAVE TO PROCEED ANONYMOUSLY AND OTHERWISE PROTECTING THE IDENTITY OF THE PLAINTIFF FROM PUBLIC DISCLOSURE**

1

## TABLE OF CONTENTS

| | |
|---|---|
| Table of Authorities | 3 |
| Preliminary Statement | 4 |
| Facts | 6 |
| Argument | 6 |
| Conclusion | 11 |
| Plaintiff's Affidavit | A-1 |

## TABLE OF AUTHORITIES

**CASES** — **Pages**

*Doe v. Blue Cross & Blue Shield United of Wis.*,
   112 F.3d 869, 872 (7th Cir. 1997) — 6

*Doe vs. Bolton*,
   410 U.S. 179 (1973) — 5

*Doe v. Colautti*,
   592 F.2d 704, 705 (3d Cir. 1979) — 6

*Doe v. Commonwealth's Attorney for City of Richmond*,
   403 F. Supp. 1199 (E.D. Va. 1975), aff'd, 425 U.S. 901 (1976) — 8

*Doe vs. Gallinot*,
   486 F. Supp. 983, (C.D. Cal. 1979), aff'd, 657 F. 2d 1017 (9th Cir. 1981) — 5, 6

*Doe v. Harris*,
   495 F. Supp. 1161 (S.D.N.Y. 1980) — 6

*Doe v. Megless*,
   654 F.3d 404 (3d Cir. 2011) — 5, 6

*Doe v. New York Univ.*,
   442 F. Supp. 522 (S.D.N.Y. 1978) — 6

*Doe v. Provident Life & Accident Ins. Co.*,
   176 F.R.D. 464 (E.D. Pa. 1997) — 5, 6, 7

*Lindsay vs. Dayton-Hudson Corp.*,
   592 F. 2d 1118, 1125 (10th Cir. 1979) — 5

*Roe vs. Wade*,
   410 U.S. 113 (1973) — 5, 8

**STATUTES** — **Pages**

Health Insurance Portability and Accountability Act of 1996,
   Pub. L. 104-191, 110 Stat. 1936 — 10

**RULES**                                                         **Pages**

Fed. R. Civ. P. § 10(a)                                              4

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

W.P.

      Plaintiff

                    Civil Action No. _____

vs.

PRINCETON UNIVERSITY
CYNTHIA CHERREY
COLE CRITTENDEN
KATHLEEN DEIGNAN
JOHN KOLLIGIAN
ANITA MCLEAN
MICHAEL OLIN
SHIRLEY TILGHMAN
DOES 1-10
      Defendants

**BRIEF IN SUPPORT OF APPLICATION FOR ORDERS GRANTING LEAVE TO PROCEED ANONYMOUSLY AND OTHERWISE PROTECTING THE IDENTITY OF THE PLAINTIFF FROM PUBLIC DISCLOSURE**

**Preliminary Statement**

    The Complaint in the underlying matter alleges discrimination by the Defendants against Plaintiff on grounds of mental disability. The complaint also alleges unlawful disclosure, distortion, and misuse of Plaintiff's confidential medical records, many of which relate to periods during which he was a minor, detailing matters he discussed with various mental health professionals. Plaintiff seeks leave of this court to proceed under a pseudonym and requests protective orders further protecting his identify from public disclosure and files this brief in support of his application.

    Rule 10 (a) of the Federal Rules of Civil Procedure states that in a complaint "the title of the action shall include the names of all the parties . . . ." Although the Rules

5

contain no explicit provisions authorizing the use of pseudonyms, the Supreme Court has implicitly recognized the use of pseudonyms (see, e.g., *Roe vs. Wade*, 410 U.S. 113 (1973); *Doe vs. Bolton*, 410 U.S. 179 (1973) and, as detailed below, other federal courts have allowed plaintiffs to proceed under fictitious names to avoid social stigma or potential harm. One instance in which such protection frequently is granted is that of mental illness. *Doe vs. Gallinot*, 486 F. Supp. 983, (C.D. Cal. 1979), aff'd, 657 F. 2d 1017 (9th Cir. 1981).

The decision whether to allow a plaintiff to proceed anonymously is left to the trial court's discretion. *Lindsay vs. Dayton-Hudson Corp.*, 592 F. 2d 1118, 1125 (10th Cir. 1979). The Third Circuit Court of Appeals, however, has provided guidance in *Doe v. Megless*, 654 F.3d 404 (2011), endorsing a nine-factor balancing test originally articulated in *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464 (E.D. Pa. 1997). As detailed below, in the context of this lawsuit the *Provident Life* factors clearly justify a grant of anonymity to plaintiff. If Plaintiff's identity is made public the fact of his mental illness will, and the contents of his medical records most likely will, be made public resulting in public stigma and emotional distress over and above what he already has endured.

Defendants will suffer no injury by reason of grant of the requested orders, as the Plaintiff's identity already is well-known to them. The public's general interest in knowing the identity of litigants is, in this case, outweighed by its interest in preserving the willingness of those alleging discrimination on the basis of mental disability to come forward.

6

## Facts

Plaintiff incorporates by reference the facts as more fully set forth in his concurrently filed Complaint. Plaintiff also notes that at all times relevant to the Complaint he has been medically diagnosed as subject to Major Depressive Disorder and/or Bipolar Disorder, Type II. Plaintiff's Affidavit to that effect is attached. The Affidavit also addresses Plaintiff's attempts to limit public knowledge of his condition.

## Argument

Using a variety of analyses, courts have recognized pseudonym use in a number of mental health cases. See *Doe v. Colautti*, 592 F.2d 704, 705 (3d Cir. 1979); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *Doe v. Harris*, 495 F. Supp. 1161 (S.D.N.Y. 1980); *Doe v. Gallinot*, 486 F. Supp. 983 (C.D. Cal. 1979), aff'd, 657 F. 2d 1017 (9th Cir. 1981); *Doe v. New York Univ.*, 442 F. Supp. 522 (S.D.N.Y. 1978). The correct method of analysis in the Third Circuit now has been determined to be application of the nine-factor *Provident Life* approach endorsed in *Doe v. Megless*, 654 F.3d 404 (2011).

In *Provident Life*, the district court stated that the public's right to access should always prevail unless the party requesting anonymity "'demonstrates . . . interests in privacy or security [sufficient to] justify pseudonymity.'" *Id.* at 467 (quoting Joan Steinman, *Public Trial, Pseudonymous Parties: When Should Litigants Be Permitted to Keep Their Identities Confidential?*, 37 **Hastings L.J.** 1, 37 (1985)). Factors weighing in favor of pseudonymity include: (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in

maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives. *Id.* at 467-68.

As the *Provident Life* court also explained, however, factors which would weigh against the use of a pseudonym include the following: (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of the litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated. *Id.* at 468.

Applying all nine of the foregoing factors to the situation a hand, the Court should determine that the Plaintiff's interest in remaining anonymous clearly outweighs the public's interest in the information.

First, before this litigation commenced, Plaintiff conscientiously kept his illness confidential. He revealed his condition only to a few close friends, family and his medical providers.

Second, Plaintiff bases his desire to keep his real name confidential on prior life experiences he has had that have resulted in embarrassment and anxiety that have occurred when others have learned that he has been diagnosed with mental illness. In addition, the litigation may bring into evidence confidential details of his psychiatric

8

medical records, many of which relate to periods during which he was a minor. Very few individuals would willingly expose such details to public scrutiny. He therefore is justifiably concerned that disclosure of his real name and its juxtaposition with his medical records will aggravate his condition and result in greater anxiety and stress. Furthermore, a risk of stigmatization, both in Plaintiff's community and in his future career, is possible if Plaintiff is labeled as suffering from mental illness.

Third, there is a substantial public interest in ensuring that cases like the Plaintiff's are adjudicated and the rights of mental illness sufferers are represented fairly and without the risk of stigmatization. This goal cannot be achieved if litigants suffering from mental illness are chilled from ever reaching the courthouse steps for fear of repercussions that would ensue if their condition was made public. Although any litigant runs the risk of public embarrassment by bringing their case and revealing sensitive facts in a public courtroom, the situation here is vastly different because Plaintiff's mental condition is directly tied to the subject matter of the litigation - his allegation that that condition was the basis for Defendants' discrimination against him. His situation is analogous to a woman seeking an abortion or a homosexual fired from his job because of his sexual orientation. See, e.g., *Roe v. Wade*, 410 U.S. 113 (1973) (holding that a woman denied an abortion was entitled to proceed under pseudonym); *Doe v. Commonwealth's Attorney for City of Richmond*, 403 F. Supp. 1199 (E.D. Va. 1975), aff'd, 425 U.S. 901 (1976) (permitting a homosexual to proceed under a pseudonym in challenging state sodomy law). Like those litigants, Plaintiff is faced with circumstances that society may not yet understand or accept and his condition is directly tied to the issues before the Court.

The strong public interest in allowing Plaintiff to proceed pseudonymously is further underlined by the role that his psychiatric medical records may play. Legislation such as the federal Health Insurance Portability and Accountability Act of 1996, Pub.L. 104-191, 110 Stat. 1936, amply manifests recognition the importance of keeping medical records private. It would, from the standpoint of public policy, be perverse to allow prospective Defendants to chill litigation simply by engaging in conduct such as that alleged in this case: disclosing, misstating and misusing such records.

Fourth, allowing Plaintiff to proceed under a pseudonym will not interfere with the public's right to follow the proceedings. With the exception of moments at which the Plaintiff is testifying, the proceedings will be kept open to the public while maintaining the confidentiality of Plaintiff's identity.

Fifth, if this Court denies Plaintiff's motion, there exists the possibility that he and/or future litigants might not pursue just claims due to the stigmatization that may result.

Sixth, Plaintiff has no illegal or ulterior motives in keeping his identity confidential, but merely seeks to protect his reputation and not aggravate his medical condition.

By contrast, in this case the factors militating against the use of a pseudonym are weak. The only factor weighing against Plaintiff's use of a pseudonym is the public's general interest in having access to the identity of litigants. However, this interest exists in some respect in all litigation and does not outweigh the strength of the factors in favor of Plaintiff's use of a pseudonym. The issues in this case are primarily legal ones

and in no way turn on the identity of the Plaintiff. Moreover, Plaintiff is a twenty-year-old college student (an eighteen-year-old at the time of the events complained of). He is not a public figure which would strengthen the public's interest in knowing his identity. Finally, since Plaintiff's identity is well-known to the Defendants proceeding under a pseudonym would in no way prejudice the Defendants or create an undue hardship for them.

### Conclusion

For the foregoing reasons, the requested Orders should be granted.

Date: Princeton, New Jersey
March 25, 2014

Respectfully submitted,

_____
W.P.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

W.P.

        Plaintiff

Civil Action No. _____

vs.

PRINCETON UNIVERSITY
CYNTHIA CHERREY
COLE CRITTENDEN
KATHLEEN DEIGNAN
JOHN KOLLIGIAN
ANITA MCLEAN
MICHAEL OLIN
SHIRLEY TILGHMAN
DOES 1-10
        Defendants

## PLAINTIFF'S AFFIDAVIT IN SUPPORT OF APPLICATION FOR ORDERS GRANTING LEAVE TO PROCEED ANONYMOUSLY AND OTHERWISE PROTECTING THE IDENTITY OF THE PLAINTIFF FROM PUBLIC DISCLOSURE

UNDER OATH and subject to the penalties of perjury, I hereby state on my own knowledge and belief that:

(1) I have at all times relevant to the matters described in the Complaint filed in connection with the above-captioned litigation been medically diagnosed with Major Depressive Disorder and/or Bipolar Disorder, Type II.

(2) I have at no time publicly disclosed my diagnoses or the contents of my confidential medical records. I have, except as demanded by the Defendants, revealed my condition only to a few close friends, family and his medical providers.

(3) I desire to keep my real name confidential because of the embarrassment, anxiety and discrimination that have resulted when others have learned that I have been diagnosed with mental illness or when they have become privy to my confidential medical records.

Date: Princeton, New Jersey
March 25, 2014

                                                  Respectfully submitted,

                                                 _____
                                                 W.P.

A-2

STATE OF NEW JERSEY
County of Mercer

Personally appeared the above-named and signed and made oath to the foregoing Affidavit, before me.

Date: March 25, 2014

**MUBINA ASHRAF**
Notary Public
State of New Jersey
My Commission Expires Aug. 3, 2017

_____
Notary Public

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **NOTICE OF MOTION** and accompanying **APPPLICATION FOR ORDERS GRANTING LEAVE TO PROCEED ANONYMOUSLY AND OTHERWISE PROTECTING THE IDENTIFY OF THE PLAINTIFF FROM PUBLIC DISCLOSURE, FORM OF ORDER, BRIEF IN SUPPORT**, and **PLAINTIFF'S AFFIDAVIT** have been sent by email and mailed, postage prepaid, by U.S. mail this 20th day of October, 2014, to all counsel of record for Defendants, to wit:

**ATTORNEYS FOR DEFENDANTS Princeton University, Cynthia Cherrey, Cole Crittenden, Kathleen Deignan, John Kolligian, Anita McLean, Michael Olin and Shirley Tilghman**

William F. Maderer (wmaderer@saiber.com)
Ryan E. San George (rsangeorge@saiber.com)
18 Columbia Turn[ike, Suite 200
Florham Park, NJ  07932

Henry Morris, Jr. (morris.henry@arentfox.com)
Karen Vladek (Karen.vladeck@arentfox.com)
ARENT FOX LLP
1717 K Street, NW
Washington D.C.  20036

_____
W.P.

1