**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

(609) 989-2040

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

May 29, 2015

**LETTER ORDER**

Re: <u>W.P. v. Princeton University, et al.</u>
    Civil Action No. 14-1893 (PGS)

Dear Counsel:

This matter comes before the Court upon motion by Plaintiff, W.P. ("Plaintiff") for leave to proceed anonymously and otherwise protect the identity of the Plaintiff from public disclosure [Docket Entry No. 15]. Defendants oppose this motion. [Docket Entry No. 19]. The Court has reviewed all arguments made in support of and in opposition to Plaintiff's Motion to Proceed Anonymously and considers same without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth more fully below, Plaintiff's motion is DENIED.

**Background**

On March 26, 2014, Plaintiff filed his Complaint alleging discrimination by Defendants against Plaintiff on grounds of mental disability. Moreover, Plaintiff alleged unlawful disclosure, distortion, and misuse of Plaintiff's confidential medical records. (*See* Complaint; Docket Entry No. 1). On October 20, 2014, Plaintiff filed the motion at hand to proceed under a pseudonym and requested protective orders further protecting Plaintiff's identity from public disclosure. (*See* Motion to Proceed Anonymously; Docket Entry No. 15).

**<u>Plaintiff's Argument</u>**

Plaintiff argues that he should be permitted to proceed under a pseudonym to avoid social stigma and emotional distress relating to his mental health. Plaintiff notes that the "correct method of analysis in the Third Circuit has been determined to be an application of the nine-factor *Provident Life* approach endorsed in *Doe v. Megless*, 654 F.3d 404 (3d Cir. 2011)." (*Id*. at 7). In *Provident Life*, "the District Court stated that the public's right to access should always prevail unless the party requesting anonymity demonstrates…interests in privacy or security [sufficient to] justify pseudonymity." (*Id*. citing *Doe v. Megless*, at 409). Plaintiff states the *Provident Life* factors in favor of anonymity include:

> "(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives."
> *Id.* at 409.

Plaintiff further states the *Provident Life* factors which would weigh against the use of a pseudonym include the following:

> "(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated."
> *Id*.

Here, Plaintiff argues that, after applying the nine *Provident Life* factors, his interest in remaining anonymous clearly outweighs the public's interest in the information. (*See* Motion to Proceed Anonymously; Docket Entry No. 15 at 8).

First, before the commencement of this suit, Plaintiff kept his illness confidential. He only revealed his condition to family, medical providers, and a few close friends. (*Id*.).

Second, Plaintiff bases his desire to keep his real name confidential on prior life experiences, which have resulted in embarrassment and anxiety. In addition, Plaintiff is worried the litigation may bring into evidence, confidential details of his psychiatric medical records, many of which relate to periods of that he was a minor. (*Id*.).

Third, Plaintiff argues there is a considerable public interest in ensuring that cases like his are adjudicated and the "rights of the mental illness suffers are represented fairly and without the risk of stigmatization." (*Id*. at 9). Plaintiff further states this goal cannot be achieved if litigants suffering from mental illness are "chilled from ever reaching the courthouse steps for fear of repercussions" that would follow if their condition was made public. (*Id*.). In addition, Plaintiff argues, though any litigant runs the risk of public embarrassment while bringing a lawsuit, his situation is vastly different because his mental condition is directly tied to the subject matter of the litigation. (*Id*.). Furthermore, Plaintiff is faced with circumstances that society may not yet understand or accept.

Fourth, Plaintiff argues that proceeding under a pseudonym will not interfere with the public's right to follow the proceedings. The proceedings, except moments

during his testimony, will be kept open to the public while maintaining the confidentiality of his identity.

Fifth, Plaintiff contends that if the Court denies Plaintiff's motion, there exists the possibility that future litigants might not pursue just claims due to the stigmatization that may result. (*Id*. at 10).

Sixth, Plaintiff states he has no illegal or ulterior motives in keeping his identity confidential. He only seeks to protect his reputation and not aggravate his medical condition.

Lastly, Plaintiff argues the factors weighing against the use of a pseudonym are weak. Plaintiff contends the only factor weighing against Plaintiff's use of a pseudonym is the public's general interest in having access to the identity of litigants. (*Id*.). Plaintiff further states this interest exists in some respect in all litigation and does not outweigh the strength of the *Provident Life* factors in favor of Plaintiff's use of a pseudonym.

## Defendants' Opposition

Defendants oppose Plaintiff's motion to proceed anonymously. (*See* Brief in Opposition; Docket Entry No. 19). Defendants argue Plaintiff should not be allowed to attack Princeton University and the seven named individual Defendant's integrity, character and reputation "from beneath a cloak of anonymity." (*Id*. at 1). Defendants further contend Plaintiff's application to proceed under a pseudonym falls short of overcoming the strong presumption of openness in judicial proceedings. (*Id*.).

4

Defendants note that Federal Rule of Civil Procedure 10(a) mandates that the title of every complaint "must name all the parties." "Generally, there is a strong presumption in favor of disclosure of the identities of the parties to an action." (*Id.* citing *Argueta v. U.S. Immigr. & Customs Enforcement,* CIV.A. No. 08-1652 (PGS), 2009 WL 1307236, at *9 (D.N.J. May 7, 2009)). Defendants further state that Rule 10(a) "protects the public's legitimate interest in knowing all of the facts involved in a case, including the identities of the parties." (*Id.* at 2 citing *Doe v. Beaumont Indep. Sch. Dist.*, 172 F.R.D. 215, 216 (E.D. Tex. 1997)). Moreover, it "embodies the presumption, firmly rooted in American Law, of openness in judicial proceedings." (*Id.* at 2 citing *Doe 1 v. Merten*, 219 F.R.D. 387, 390 (E.D. Va. 2004)).

Defendants further state that only in exceptional cases do courts allow a plaintiff to prosecute his case anonymously. (Id. at 3). It is not enough for a plaintiff to allege that he may suffer embarrassment or anxiety. He must take it a step further and show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable. (*Id.* citing *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011)). Like Plaintiff, Defendants too reference the non-exhaustive list of *Provident Life* factors, which are used to assess applications to proceed anonymously. *See Megless*, 654 F.3d at 410. Defendants argue Plaintiff's application to proceed anonymously fails to outweigh the presumption of openness in judicial proceedings under this standard.

Lastly, Defendants argue Plaintiff's concern about exposing his medical condition does not trump the policy favoring open judicial proceedings. Plaintiff wishes to avoid the purported stigma associated with his mental illness. However, Defendants contend this argument does not suffice.

Defendants argue that mental illness is not that uncommon. (*Id*. at 6). Relying upon *Lifetime Prevalence and Age-of-Onset Distributions of DSM-IV Disorders in the National Comorbidity Survey Replication*, Defendants state research demonstrates that nearly half the population will, at some time, meet the criteria for a diagnosis of a mental illness. (*Id*. citing *Lifetime Prevalence*, 62 Archives Gen. Psychiatry 593, 593 (2005). Thus, Defendants argue if a plaintiff's reluctance to expose his mental illness were enough to permit him to prosecute his case anonymously, the rare judicial exception for anonymous treatment would invariably overcome the presumption of openness in judicial proceedings. (*Id*.). Moreover, Defendants rely upon a number of cases outside this jurisdiction where Plaintiffs similarly moved for leave to proceed anonymously due to the purported stigma and fallout they might face from exposing their mental illnesses. (*Id* at 7-8 (internal quotations omitted)). The courts denied such applications to proceed anonymously; finding cases involving litigant's medical conditions are not in-and-of themselves sufficient to grant a request to proceed anonymously. Defendants argue Plaintiff's application to proceed anonymously should be treated similarly, with a denial.

Moreover, Defendants contend that Plaintiff chose to initiate this lawsuit and should not be allowed to hide in anonymity while he "accuses named individual Defendants of serious wrongdoing, impugning their character, integrity, and reputation." (*Id*. at 9). To allow Plaintiff to proceed anonymously would be fundamentally unfair because Defendants would be required to defend themselves publically while Plaintiff could make his "accusations from behind a cloak of anonymity." (*Id* at 9).

## **Plaintiff's Reply**

Plaintiff reasserts his arguments made in his moving papers and further states this Court

and other courts in the Third Circuit have allowed pseudonymous litigation where details of a plaintiff's mental illness are involved. (*See* Reply; Docket Entry No. 22). In *Doe v. Provident Life & Accident Insurance Co.*, which was subsequently endorsed by the Third Circuit in *Doe v. Megless*, 654 F.3d 404, 410 (3d Cir. 2011), the court held "plaintiff had sufficiently justified his pseudonymity because he had only revealed his mental illness to his immediate family and because of the danger of stigmatization by the community." (*Id*. at 1 citing *Doe v. Provident Life*, 176 F.R.D. 464, 468 (E.D. Pa. 1997)).   Moreover, Plaintiff states the District Court of the District of New Jersey has ruled that a plaintiff suffering from bipolar disorder and seeking long-term disability benefits could proceed pseudonymously. (*Id*. at 2 citing *Doe v. Hartford Life & Accident Insurance Co*., 237 F.R.D. 545 (D.N.J. 2006)).

Plaintiff further argues the policy favoring open judicial proceedings can be overcome by an application of the *Provident Life* factors test, which weigh in favor of Plaintiff proceeding pseudonymously. (*Id*. at 5). Plaintiff restates that the Third Circuit specifically requires an application of the *Provident Life* factors to determine when a plaintiff's request for pseudonymous treatment is justified. (Id.). Plaintiff again restates his arguments made in his moving papers, with an emphasis on countering Defendants' arguments.

First, Plaintiff argues the interests of the public largely can be accommodated without disclosure of Plaintiff's identity. Plaintiff has made no effort to interest the press but was contacted by members of the press, all of whom have offered to protect Plaintiff's identity.   (*Id*. at 6). Plaintiff argues the few statements made to the press have had pseudonymous attribution, which is evidence that community standards recognize the need to protect the identity of plaintiff's alleging misuse of medical records and discrimination based on mental disability.

7

(*Id*.).

Second, Plaintiff argues Defendants' interests do not require disclosure of Plaintiff's identity. (*Id*.). Plaintiff agrees with Defendants that it is unfair for Plaintiff's identity to be concealed while theirs have been revealed, but that is not a factor to be considered under the *Provident Life* test. Moreover, Plaintiff states if the Defendants did not engage in wrongful conduct, this litigation presumably will provide them with vindication. (*Id*.).

Lastly, Plaintiff argues the hardship to him in the event his identity is disclosed would be extreme. Plaintiff points to the public's reaction to the facts of this case as evidence of the injury threatened by disclosure. Immediately upon publication of news stories covering the filing of this litigation, ignorant comments were posted online. For example, Plaintiff points to one comment, which reads: "He is an immediate threat to every student at the school if he goes off his meds. He should have been permanently expelled. He's a school shooter in the making." (Id. at 8). Plaintiff contends this is indicative of what those publicly identified as mentally ill endure. Moreover, Plaintiff argues, based on his own experience, disclosure of mental disability leads to stereotypical adverse reactions. Plaintiff further states that he is a continuing student at Defendant Princeton University and is subjected to ongoing evaluation by its agents for academic and disciplinary purposes. (*Id*. at a 9). Thus, Plaintiff argues disclosure of his identity would subject him to daily embarrassment and scrutiny and the risk of unfavorable differential treatment and possible retaliation. (*Id*.).

## Analysis

Federal Rule of Civil Procedure 10(a) requires parties to a lawsuit to identify themselves in their respective pleadings. Identifying the parties to the proceedings is an important

8

dimension of "publicness." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). In fact, "one of the essential qualities of a Court of Justice is that its proceedings should be public." Id. citing *Nixon v. Warner Cmmc'ns, Inc.,* 435 U.S. 589, 598-99, S.Ct. 1306.  Rule 10(a) protects the public's legitimate interest in knowing all of the facts involved in a case, including the identities of the parties. The people have a right to know who is using their courts.  A plaintiff's use of a pseudonym "runs afoul of the public's common law right of access to judicial proceedings." *Megless,* 654 F.3d 404, 408 quoting *Does I Thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1067 (9th Cir. 2000).

However, while not expressly permitted under Rule 10(a), in exceptional cases, courts have allowed a party to proceed anonymously. Whether a plaintiff may suffer embarrassment or economic harm is not enough.  Rather, Plaintiff must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Megless*, 654 F.3d 404, 408 (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)). To determine if a litigant has a reasonable fear of severe harm that outweighs the public's interest in open litigation, the Court considers a non-exhaustive list of factors to be weighed both in favor of anonymity and in favor of the traditional rule of openness.  The factors in favor of anonymity include:

1. "Extent to which the identity of the litigant has been kept confidential;
2. The bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;
3. Magnitude of public interest in maintaining confidentiality of litigant's identity;
4. Whether, because of purely legal nature of issues presented or otherwise, there is an atypically weak public interest in knowing litigant's identity;
5. Undesirability of an outcome adverse to pseudonymous party and

>   attributable to his refusal to pursue case at price of being publically identified; and
> 6. Whether party seeking to sue pseudonymously has illegitimate ulterior motives.
> *Doe v. Megless*, 654 F.3d 404 (3d Cir. 2011)

On the other side of the scale, the Court considers factors disfavoring anonymity, which include:

> 1. The universal level of public interest in access to the identities of litigants;
> 2. Whether, because of subject matter of litigation, the status of litigant as a public figure, or otherwise, there is a particularly strong interest in knowing litigant's identities, beyond public's interest which is normally obtained; and
> 3. Whether opposition to pseudonym by counsel, the public, or the press is illegitimately motivated."
> *Id*.

Applying the abovementioned factors to the instant matter, the Court determines that Plaintiff's interest in remaining anonymous does not outweigh the public's interest in the information and judicial openness. The Court will address each factor in order.

First, although, before this litigation commenced, Plaintiff may have made a concerted effort to keep his illness confidential, he admits that he revealed his medical condition not only to medical providers and family but also to a few "close friends." There is no indication how many of his friends are aware of his illness and whether they have disclosed Plaintiff's illness to others. How limited or expansive the dissemination is unclear.

Second, Plaintiff states his desire for anonymity is prompted by prior life experiences that have resulted in embarrassment and anxiety when others have

10

learned that he has been diagnosed with a mental.  Plaintiff does not provide examples or any specifics of said life experiences.  Moreover, though Plaintiff states he has been medically diagnosed with Major Depressive Disorder and/or Bipolar Disorder, Type II, no information regarding the severity of Plaintiff's condition and the likelihood that disclosure of his illness to the public would aggravate his condition is provided.  Unlike the plaintiff in *Doe v. Hartford Life and Acc. Ins. Co*., where plaintiff's doctor substantiated his concerns that disclosure of his real name would aggravate his condition, here, Plaintiff has provided no basis to determine the severity of his illnesses or whether it would be aggravated by disclosure to the public.  The Court also notes that there is a mechanism to protect sensitive medical information from public access by seeking redaction of that information from court documents.  *See* L. Civ. R. 5.3.

      Third, while there is a public interest in ensuring that cases like Plaintiff's are adjudicated and the rights of mental illness sufferers are represented fairly and without the risk of stigmatization, it must be balanced against the presumption of openness in judicial proceedings.  The cloak of anonymity is not automatic. There is nothing to support the proposition that requiring Plaintiff to disclose his name will deter other similarly situated plaintiffs from suing in the future.  As Plaintiff notes, any litigant runs the risk of public embarrassment by bringing their case, and revealing sensitive facts, in a public courtroom.  Here, Plaintiff voluntarily chose to pursue action through the public judicial system, and therefore, must be willing to face the consequences of having a public proceeding.

Plaintiff's reluctance to expose his mental disability is insufficient to trigger the judicial exception for anonymous treatment.

Fourth, allowing Plaintiff to proceed anonymously will not interfere with the public's right to follow the proceedings. The proceedings would be kept open to the public while maintaining the confidentiality of Plaintiff's identity.

Fifth, if this Court denies Plaintiff's motion to proceed anonymously, there may exist the possibility that he and/or future litigants might not pursue just claims due to the stigmatization that may result. However, Plaintiff provides no evidence that requiring Plaintiff to disclose his name will deter other similarly situated plaintiffs from suing in the future. Moreover, as the Court in *Megless* stated, "a plaintiff's stubborn refusal to litigate openly by itself cannot outweigh the public's interest in open trials." 654 F.3d 404, 410-11.

Sixth, it does not appear to the Court that Plaintiff has any illegal or ulterior motives in keeping his identity confidential.

After a careful balance of the *Provident Life* factors weighing in favor of allowing Plaintiff to proceed anonymously and the factors weighing against Plaintiff's anonymity, the Court finds that the presumption of openness in judicial proceedings outweighs Plaintiff's need to proceed anonymously. There is universal public interest in access to the identities of litigants. One of the essential qualities of a Court of Justice is that its proceedings be public. It allows the people to know who is using their courts. Although Plaintiff is not a public figure, which would strengthen the public's interesting in knowing his identity, he is

12

publically accusing Princeton University and several named individual Defendants of serious wrongdoing impugning their character, integrity, and reputation.    The Court agrees with Defendants that it would be fundamentally unfair to allow Plaintiff to accuse Defendants of serious wrongdoing anonymously while forcing Defendants to defend themselves publically. Therefore, Plaintiff's motion is DENIED.

    **IT IS SO ORDERED**.

                                                      s/ Tonianne J. Bongiovanni
                                                      **TONIANNE J. BONGIOVANNI**
                                                      **United States Magistrate Judge**

    **DOCKET ENTRY NO. 15 IS HEREBY TERMINATED.**