William F. Maderer, Esq.
Ryan E. San George, Esq.
**SAIBER LLC**
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
Phone: (973) 622-3333
Email: wmaderer@saiber.com

Henry Morris, Jr., Esq.
Karen S. Vladeck, Esq.
**ARENT FOX LLP**
1717 K Street, N.W.
Washington, DC 20036
Phone: (202) 857-6403
Email: morris.henry@arentfox.com

*Attorneys for Defendant Princeton University and
the Named Individual Defendants*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| W.P.,<br><br>             Plaintiff,<br><br>v.<br><br>PRINCETON UNIVERSITY,<br>Cynthia Cherrey, Ph.D,<br>Cole Crittenden, Ph.D.,<br>Dean Kathleen Deignan,<br>John Kolligian, Ph.D., M.B.A.,<br>Anita McLean, Ph.D., Psy.D., and<br>Michael Olin, Ph.D.<br><br>             Defendants. | Civil Action No. 14-1893 (PGS)(TJB)<br><br>**PRINCETON AND THE NAMED INDIVIDUAL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** |

Princeton University (Princeton), Cynthia Cherrey, Ph.D, Cole Crittenden, Ph.D., Dean

Kathleen Deignan, John Kolligian, Ph.D., M.B.A., Anita McLean, Ph.D., Psy.D., and Michael

Olin, Ph.D. (collectively the "Named Individual Defendants"),[1] by and through their undersigned counsel, answer the First Amended Complaint as follows:

## NATURE OF THE ACTION

The First Amended Complaint's Nature of the Action section contain prefatory recitals, legal conclusions, and/or jurisdictional allegations, to which no response is required.  To the extent that a response is required, Princeton and the Named Individual Defendants deny the allegations contained in the First Amended Complaint's preliminary unnumbered paragraphs.

## PARTIES

1(a).   Princeton and the Named Individual Defendants admit that W.P. was a Princeton junior. Princeton and the Named Individual Defendants lack sufficient knowledge or information to admit or deny W.P.'s allegations about his age and address.  Princeton and the Named Individual Defendants deny that they regarded W.P. as disabled under the law.  The remainder of Paragraph No. 1(a) of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

1(b).   Princeton and the Named Individual Defendants admit that Princeton is a not-for-profit educational institution, incorporated in New Jersey, and that its mailing address is Princeton University, Princeton, N.J. 08544.  Princeton and the Named Individual Defendants further admit that Princeton receives federal funds.   The remainder of Paragraph No. 1(b) contains legal conclusions and/or jurisdictional allegations to which no response is required.

1(c).   Princeton and the Named Individual Defendants admit as follows:

---

[1]      On October 23, 2015, the Court issued an Order dismissing Plaintiff's claims against President Emerita Shirley Tilghman.  Thus, no answer by her is required.

- Cynthia Cherrey, Ph.D. was Princeton's Vice President of Campus life, whose business address was Office of Vice President for Campus Life, 220 Nassau Hall, Princeton, N.J. 08544;

- Cole Crittenden, Ph.D. is Princeton's Associate Dean for Academic Affairs, Office of the Dean of the Graduate School, whose business address is Office of the Dean of the Graduate School, 113 Clio Hall, Princeton, N.J. 08544;

- Kathleen Deignan is Princeton's Dean of Undergraduate Students, whose business address is Office of the Dean of Undergraduate Students, 313 West College, Princeton, N.J. 08544;

- John Kolligian, Jr., Ph.D., M.B.A., is Executive Director of Princeton's University Health Services, whose business address is 215 McCosh Health Center, Princeton, N.J. 08544;

- Anita McLean, Ph.D., Psy.D., was Director of Counseling and Psychological Services ("CPS"), in Princeton's University Health Services, whose business address is 20 Nassau Street, Suite 221, Princeton, N.J. 085424;

- Michael Olin, Ph.D., is Princeton's Associate Dean of Undergraduate Students, whose business address is Office of the Dean of Undergraduate Students, 313 West College, Princeton, N.J. 08544;

- Shirley Tilghman, Ph.D., is Princeton's President Emerita and a Professor of Molecular Biology, whose business address is 240 Carl C. Icahn Laboratory, Princeton, N.J. 08544. On October 23, 2015, the Court issued an Order dismissing President Tilghman from the case. Thus, she is no longer a party.

The remainder of Paragraph No. 1(c) contains legal conclusions and/or jurisdictional allegations to which no response is required.

1(d).   Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 1(d) of the First Amended Complaint.

## JURISDICTION AND VENUE

2.      Paragraph No. 2 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

3.      Paragraph No. 3 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

## RELEVANT STATUTORY SCHEMES

## FAIR HOUSING ACT AMENDMENTS OF 1998

4.      Paragraph No. 4 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

5.      Paragraph No. 5 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

6.      Paragraph No. 6 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

7.      Paragraph No. 7 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

8.      Paragraph No. 8 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

## REHABILITATION ACT OF 1973

9.      Paragraph No. 9 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

10.     Paragraph No. 10 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

11.     Paragraph No. 11 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

12.     Paragraph No. 12 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

## AMERICANS WITH DISABILITIES ACT

13.     Paragraph No. 13 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

14.     Paragraph No. 14 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

15.     Paragraph No. 15 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

16.     Paragraph No. 16 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

## NEW JERSEY LAW AGAINST DISCRIMINATION

17.     Paragraph No. 17 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

18.     Paragraph No. 18 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

19.     Paragraph No. 19 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

20.     Paragraph No. 20 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

21.     Paragraph No. 21 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

## FACTUAL ALLEGATIONS

22.     Paragraph No. 22 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 22 of the First Amended Complaint.

23.     Princeton and the Named Individual Defendants admit that W.P.'s tuition and fees were paid through the spring 2012 semester.  Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny his contention that he complied with any other obligations to Princeton.

24.     Princeton and the Named Individual Defendants admit that, during the 2011-2012 academic year, W.P. was a Princeton freshman.  Princeton and the Named Individual Defendants further admit that, on or about August 30, 2011, before classes began, he visited CPS and sought referrals to providers.  Princeton and the Named Individual Defendants admit that Paragraph No. 24 of the First Amended Complaint contains an excerpt from UHS' Patient Rights and Privacy statement.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 24 of the First Amended Complaint.

25.     Princeton and the Named Individual Defendants admit that, in mid-September 2011, W.P. received services through CPS.  Princeton and the Named Individual Defendants lack

sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph No. 25 of the First Amended Complaint.

26.     Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 26 of the First Amended Complaint.

27.     Princeton and the Named Individual Defendants deny W.P.'s contention that, during the 2011-2012 academic year, he had no disciplinary infractions.  Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny W.P.'s contention that he had no "academic issues."

28.     Princeton and the Named Individual Defendants admit that, on February 25, 2012, W.P. took an overdose of Trazodone tablets.  Princeton and the Named Individual Defendants further admit that he walked to the UHS's McCosh Health Center, which had him transported to the University Medical Center at Princeton ("UMCP").  Princeton and the Named Individual Defendants also admit that UMCP admitted him.  Princeton and the Named Individual Defendants deny W.P.'s contention that UMCP discharged him on February 28, 2012.  Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph No. 28 of the First Amended Complaint.

29.     Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 29 of the First Amended Complaint.

30.     Princeton and the Named Individual Defendants deny W.P.'s contention that UMCP discharged him.  Princeton and the Named Individual Defendants lack sufficient knowledge and

information to admit or deny the remaining allegations contained in Paragraph No. 30 of the First Amended Complaint.

31.    Princeton and the Named Individual Defendants admit that he was not involuntarily committed for inpatient psychiatric services.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 31 of the First Amended Complaint.

32.    Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny W.P.'s contention that "[w]ith the help of friends who brought him course materials, W.P. had been completing coursework from the hospital."  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 32 of the First Amended Complaint.

33.    Princeton and the Named Individual Defendants admit that Princeton House is a psychiatric hospital not affiliated with Princeton.   Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph No. 33 of the First Amended Complaint.

34.    Princeton and the Named Individual Defendants admit that, on February 29, 2012, W.P. met with Dr. McLean, and Kathleen Donise, M.D.   Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny W.P.'s allegation about his familiarity with information concerning student confidentiality contained on UHS's Web page.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 34 of the First Amended Complaint.

35.    Princeton and the Named Individual Defendants admit that, before the February 29, 2014 conference, they did not speak with W.P.'s treating physician.   Princeton and the Individual

Defendants lack sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph No. 35 of the First Amended Complaint.

36.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 36 of the First Amended Complaint.

37.     Princeton and the Named Individual Defendants admit that Dr. McLean was the director of CPS at the time of the events described in the First Amended Complaint.  Princeton and the Named Individual Defendants deny the remaining conclusions contained in Paragraph No. 37 of the First Amended Complaint.

38.     Princeton and the Named Individual Defendants admit that on February 29, 2012, Dean Crittenden and Dean Olin met with Drs. McLean and Donise.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 38 of the First Amended Complaint.

39.     Princeton and the Named Individual Defendants admit that, on February 29, 2012, Dean Crittenden and Olin, and Drs. McLean and Donise met with W.P. and his mother.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 39 of the First Amended Complaint.

40.     Princeton and the Named Individual Defendants admit that W.P. pressed to return to campus, immediately.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 40 of the First Amended Complaint.

41.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 41 of the First Amended Complaint.

42.     Princeton and the Named Individual Defendants admit that Deans Crittenden and Olin informed W.P. that once a student misses more than two weeks of classes, the student may need

to withdraw due to individual course requirements, including attendance.  Princeton and the Named Individual Defendants deny the remaining allegations in Paragraph No. 42 of the First Amended Complaint.

43.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 43 of the First Amended Complaint.

44.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 44 of the First Amended Complaint.

45.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 45 of the First Amended Complaint.

46.     Princeton and the Named Individual Defendants admit that Princeton's current Academic Regulations speak for themselves.

47.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 47 of the First Amended Complaint.

48.     Princeton and the Named Individual Defendants admit that Princeton requires first and second year students to reside in a residential college on campus.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 48 of the First Amended Complaint.

49.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 49 of the First Amended Complaint.

50.     Princeton and the Named Individual Defendants state that Princeton's academic regulations speak for themselves.

51.     Princeton and the Named Individual Defendants deny that Deans Crittenden and Olin and Dr. McLean acted in a demeaning fashion, designed to so demoralize W.P. as to force him to

withdraw.   Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 51 of the First Amended Complaint.

52.      Princeton and the Individual Defendants deny the allegations contained in Paragraph No. 52 of the First Amended Complaint.

53.      Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 53 of the First Amended Complaint.

54.      Princeton and the Named Individual Defendants admit that Dean Crittenden reminded W.P. that he had not been cleared to return to campus.   Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph 54 of the First Amended Complaint.

55.      Princeton and the Named Individual Defendants admit that some programs are open to the public.   Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph 55 of the First Amended Complaint.

56.      Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 56 of the First Amended Complaint.

57.      Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 57 of the First Amended Complaint.

58.      Princeton and the Named Individual Defendants admit that Princeton's Board of Trustees is its governing body.   Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 58 of the First Amended Complaint.

59.      Princeton and the Named Individual Defendants admit that Princeton's President is its chief executive officer, who has participated in establishing and effectuating certain University

policies.  Princeton and the Named Individual Defendants further admit that Shirley Tilghman was Princeton's President from June 15, 2001 until June 30, 2013.  Princeton and the Named Individual Defendants also admit that Section 1.1.7 of Princeton's *Rights, Rules, Responsibilities*, speaks for itself.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 59 of the First Amended Complaint.

60.     Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph 60 of the First Amended Complaint.

61.     Princeton admits that, on February 29, 2012, Dean Crittenden sent W.P. an email, which speaks for itself.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 61 of the First Amended Complaint.

62.     Princeton and the Named Individual Defendants admit that Rule 1.1.7 of Princeton's *Rights, Rules, and Responsibilities* speaks for itself.  Princeton and the Named Individual Defendants further admit that, on March 1, 2012, W.P.'s mother contacted Princeton's General Counsel, Peter McDonough, who explained, among other things, that Dean Deignan's decision regarding W.P. was subject to review in the normal course, by Vice President Cherrey, and that any complaint about disability discrimination could be directed to the Director of the Equal Opportunity Program, in the Provost's Office.

63.     Princeton and the Named Individual Defendants admit that, on March 2, 2012, W.P.'s mother spoke by telephone with Vice President Cherrey, who suggested an in-person meeting with Dean Deignan and Dr. Kolligian.  Princeton and the Individual Defendants further admit that the meeting was scheduled for March 5th, at 3:00 p.m.  Princeton and the Named Individual Defendants also admit that Wokie Nwabueze is Princeton's Ombudsperson.  Princeton and the

Named Individual Defendants lack sufficient knowledge and information to admit or deny W.P.'s allegations about his and his parents' mental impressions.  Princeton denies the remaining allegations contained in Paragraph No. 63 of the First Amended Complaint.

64.     Princeton and the Named Individual Defendants admit that, beginning on March 1, 2012, W.P.'s mother demanded that Princeton's Office of Disability Services give W.P. access to tapes or transcripts of all of his classes until he could return to campus.  Princeton and the Named Individual Defendants further admit that Dr. Axcelson addressed the issue in a March 6th email to W.P., which speaks for itself.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 64 of the First Amended Complaint.

65.     Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 65 of the First Amended Complaint.

66.     Princeton and the Named Individual Defendants admit that, on March 5th, Dean Crittenden, Dean Deignan, Dr. Kolligian, Dean Olin, Dr. McLean, and Dr. Donise met with W.P. and his parents in an effort to clear up any misunderstandings.  Princeton and the Named Individual Defendants further admit that W.P.'s father placed a tape recorder on the table. Princeton and the Named Individual Defendants also admit that the Princeton attendees listened as W.P.'s parents spoke.  Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny W.P.'s allegation about what he and his parents believed.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 66 of the First Amended Complaint.

67.     Princeton and the Named Individual Defendants admit that, on March 7, 2012, Dean Deignan wrote a letter to W.P., which speaks for itself.  Princeton and the Named Individual

Defendants deny the remaining allegations contained in Paragraph No. 67 of the First Amended Complaint.

68.     Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 68 of the First Amended Complaint.

69.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 69 of the First Amended Complaint.

70.     Princeton and the Named Individual Defendants admit that, on March 9, 2014, Vice President Cherrey wrote a letter to W.P., which speaks for itself.  Princeton and the Named Individual Defendants further admit that, during the week of March 12th, Julia Graff, Esquire, from the Bazelon Center for Mental Health Law, contacted Princeton's General Counsel McDonough and pressed for a meeting to be arranged between W.P and Vice President Cherrey. Vice President Cherrey agreed to meet with W.P. on Friday, March 16, 2012.  Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny W.P.'s contention that his attorney represented him *pro bono*.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 70 of the First Amended Complaint.

71.     Princeton and the Named Individual Defendants admit that, on March 16, 2012, W.P., his mother, and Ms. Graff met with Vice President Cherrey, Dr. Kolligian, and Hannah Ross, Esquire, who attended as an observer.  During the meeting, W.P. discussed his views, treatment, and plans. Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 71 of the First Amended Complaint.

72.     Princeton and the Named Individual Defendants admit that, in connection with the March 16th meeting, W.P. submitted various documents.  Those documents speak for themselves.

73.     Princeton and the Named Individual Defendants admit that, on March 19th, Vice President Cherrey wrote a letter to W.P., which speaks for itself.  Princeton and the Named Individual Defendants further admit that W.P., or someone on his behalf, forwarded records to Princeton.  Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny Plaintiff's allegations about his beliefs.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 73 of the First Amended Complaint.

74.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No.74 of the First Amended Complaint.

75.     Princeton and the Named Individual Defendants admit that Vice President Cherrey wrote a letter to W.P. on March 26, 2012, which speaks for itself.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 75 of the First Amended Complaint.

76.     Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny Plaintiff's allegations about what his health insurance plans cover. Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 76 of the First Amended Complaint.

77.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 77 of the First Amended Complaint.

78.     Princeton and the Named Individual Defendants admit that W.P. notified Princeton that he wished to withdraw.   Princeton and the Named Individual Defendants lack sufficient

knowledge and information to admit or deny W.P.'s allegations about his emotional state and his reason(s) for withdrawing.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 78 of the First Amended Complaint.

79.     Princeton and the Named Individual Defendants admit that, on April 9, 2012, Lisa Herschbach, Dean of Wilson College, and Claire Fowler, Senior Associate Dean of the College and Secretary, Committee on Examinations and Standing, wrote a letter to W.P., which speaks for itself.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 79 of the First Amended Complaint.

80.     Princeton and the Named Individual Defendants admit that, on April 24, 2012, Deans Olin and Crittenden wrote a letter to W.P., which speaks for itself.  Princeton and the Named Individual Defendants deny the remaining allegations in contained in Paragraph No. 80 of the First Amended Complaint.

81.     Princeton and the Named Individual Defendants admit that Deans Olin and Crittenden responded in their April 24th letter, to W.P.'s request for permission to visit Princeton's campus during the period of his withdrawal.  Their communication speaks for itself.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 81 of the First Amended Complaint.

82.     Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 82 of the First Amended Complaint.

83.     Princeton and the Named Individual Defendants admit that Princeton readmitted W.P. in the spring of 2013.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 83.

84.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 84 of the First Amended Complaint.

85.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 85 of the First Amended Complaint.

86.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 86 of the First Amended Complaint.

87.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 87 of the First Amended Complaint.

88.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 88 of the First Amended Complaint.

89.     Princeton and the Named Individual Defendants state that Princeton's *Rights, Rules, Responsibilities* Section 1.1.7 speaks for itself.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 89 of the First Amended Complaint.

90.     Princeton and the Named Individual Defendants state that Princeton's *Rights, Rules, Responsibilities* Section 1.1.7 and Princeton's other policies speak for themselves.  Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny W.P.'s allegation about to what he has been directed.  The remainder of Paragraph No. 90 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

91.     Paragraph No. 91 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

92.     Paragraph No. 92 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

93.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 93 of the First Amended Complaint.

94.     Princeton and the Named Individual Defendants state that Princeton's procedures speak for themselves.

95.     Princeton and the Named Individual Defendants admit that Princeton *Rights, Rules, Responsibilities* Section 1.1.7 speaks for itself.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 95 of the First Amended Complaint.

96.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 96 of the First Amended Complaint.

97.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 97 of the First Amended Complaint.

98.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 98 of the First Amended Complaint.

99.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 99 of the First Amended Complaint.

100.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 100 of the First Amended Complaint.

101.    Princeton and the Named Individual Defendants deny the allegations in Paragraph 101 of the First Amended Complaint.

102.    Princeton and the Named Individual Defendants deny the allegations in Paragraph 102 of the First Amended Complaint.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

103.    Princeton and the Named Individual Defendants repeat their responses to the allegations contained in Paragraphs 1 through 102 of the First Amended Complaint as if fully set forth herein.

104.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 104 of the First Amended Complaint.

105.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 105 of the First Amended Complaint.

106.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 106 of the First Amended Complaint.

107.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 107 of the First Amended Complaint.

108.    Princeton and the Named Individual Defendants admit that W.P. purports to allege that they violated the Fair Housing Amendments Act, but they deny that they engaged in the purported wrongdoing or in any wrongdoing whatsoever.

### SECOND CAUSE OF ACTION[2]

109.    Princeton repeats its responses to the allegations contained in Paragraphs 1 through 108 of the First Amended Complaint as if fully set forth herein.

---

[2]    On October 23, 2015, the Court issued an Order dismissing Plaintiff's Second Cause of Action against the Named Individual Defendants, in which he purports to allege that they violate Section 504 of the Rehabilitation Act.  Thus, no answer by them is required.

110.    Paragraph No. 110 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.   Princeton denies the remaining allegations contained in Paragraph No. 110 of the First Amended Complaint.

111.    Princeton denies the allegations contained in Paragraph No. 111 of the First Amended Complaint.

112.    Princeton denies the allegations contained in Paragraph No. 112 of the First Amended Complaint.

113.    Princeton denies the allegations contained in Paragraph No. 113 of the First Amended Complaint.

114.    Princeton admits that W.P. purports to allege that it violated Section 504 of the Rehabilitation Act of 1973, but Princeton denies that it engaged in the purported wrongdoing or in any wrongdoing whatsoever.

### THIRD CAUSE OF ACTION[3]

115.     Princeton repeats its responses to the allegations contained in Paragraphs 1 through 114 of the First Amended Complaint as if fully set forth herein and denies the allegation contained in Paragraph 115 of the First Amended Complaint.

116.    Princeton denies the allegations contained in Paragraph No. 116 of the First Amended Complaint.

117.    Princeton denies the allegations contained in Paragraph No. 117 of the First Amended Complaint.

---

[3]     On October 23, 2015, the Court issued an Order dismissing Plaintiff's Third Cause of Action against the Named Individual Defendants, in which he purports to allege that they violated the Americans with Disabilities Act.  Thus, no answer by them is required.

118.    Princeton denies the allegations contained in Paragraph No. 118 of the First Amended Complaint.

119.    Princeton denies the allegations contained in Paragraph No. 119 of the First Amended Complaint.

120.    Princeton denies the allegations contained in Paragraph No. 120 of the First Amended Complaint.

121.    Princeton denies the allegations contained in Paragraph No. 121 of the First Amended Complaint.

122.    Princeton denies the allegations contained in Paragraph No. 122 of the First Amended Complaint.

123.    Princeton denies the allegations contained in Paragraph No. 123 of the First Amended Complaint.

124.    Princeton admits that W.P. purports to allege that it violated the Americans with Disabilities Act, but Princeton denies that it engaged in the purported wrongdoing or in any wrongdoing whatsoever.

**<u>FOURTH CAUSE OF ACTION</u>**

125.    Princeton and the Named Individual Defendants repeat their responses to the allegations contained in Paragraphs 1 through 124 of the First Amended Complaint as if fully set forth herein.

126.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 126 of the First Amended Complaint.

127.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 127 of the First Amended Complaint.

128.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 128 of the First Amended Complaint.

129.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 129 of the First Amended Complaint.

130.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 130 of the First Amended Complaint.

131.    Princeton and the Named Individual Defendants admit that W.P. purports to allege that they violated New Jersey's Law Against Discrimination, but they deny that they engaged in the purported wrongdoing or in any wrongdoing whatsoever.

## FIFTH CAUSE OF ACTION

132.    Princeton and the Named Individual Defendants repeat their responses to the allegations contained in Paragraphs 1 through 131 of the First Amended Complaint as if fully set forth herein.

133.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 133 of the First Amended Complaint.

134.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 134 of the First Amended Complaint.

135.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 135 of the First Amended Complaint.

136.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 136 of the First Amended Complaint.

137.    Princeton and the Named Individual Defendants admit that W.P. purports to allege that they intentionally caused him to suffer severe emotional distress, but they deny that they engaged in the purported wrongdoing or in any wrongdoing whatsoever.

## SIXTH CAUSE OF ACTION

138.    Princeton and the Named Individual Defendants repeat their responses to the allegations contained in Paragraphs 1 through 137 of the First Amended Complaint as if fully set forth herein.

139.    Princeton and the Named Individual Defendants admit that W.P. sought mental health care from CPS at Princeton in the course of which various workers became aware of individually identifiable health information about W.P.   Princeton and the Named Individual Defendants further admit that W.P. met with Drs. Donise and McLean during which they became aware of individually identifiable health information regarding W.P.   Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 139 of the First Amended Complaint.

140.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 140 of the First Amended Complaint.

141.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 141 of the First Amended Complaint.

142.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 142 of the First Amended Complaint.

143.    Princeton and the Named Individual Defendants admit that W.P. purports to allege that they violated his "right to privacy under state law," but they deny that they engaged in the purported wrongdoing or in any wrongdoing whatsoever.

**SEVENTH CAUSE OF ACTION**

144.    Princeton and the Named Individual Defendants repeat their responses to the allegations contained in Paragraphs 1 through 143 of the First Amended Complaint as if fully set forth herein.

145.    Paragraph No. 145 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.  Princeton and the Named Individual Defendants admit that W.P. sought mental health care from CPS, in the course of which various workers became aware of individually identifiable health information about W.P.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 145 of the First Amended Complaint.

146.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 146 of the First Amended Complaint.

147.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 147 of the First Amended Complaint.

148.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 148 of the First Amended Complaint.

149.    Princeton and the Named Individual Defendants admit that W.P. purports to allege that they violated, or participated in violating, his "right to confidential relationship under state law," but they deny that they engaged in the purported wrongdoing or in any wrongdoing whatsoever.

**EIGHTH CAUSE OF ACTION**

150.    Princeton, Dr. McLean and Dr. Kolligian repeat their responses to the allegations contained in Paragraphs 1 through 149 of the First Amended Complaint as if fully set forth herein.

151.    On October 23, 2015, the Court issued an Order dismissing W.P.'s Eighth Cause of Action, in which he purports to allege that Princeton, Dr. McLean, and Dr. Kolligian defrauded him.  Thus, no answer is required.

152.    On October 23, 2015, the Court issued an Order dismissing W.P.'s Eighth Cause of Action, in which he purports to allege that Princeton, Dr. McLean, and Dr. Kolligian defrauded him.  Thus, no answer is required.

153.    On October 23, 2015, the Court issued an Order dismissing W.P.'s Eighth Cause of Action, in which he purports to allege that Princeton, Dr. McLean, and Dr. Kolligian defrauded him.  Thus, no answer is required.

154.    On October 23, 2015, the Court issued an Order dismissing W.P.'s Eighth Cause of Action, in which he purports to allege that Princeton, Dr. McLean, and Dr. Kolligian defrauded him.  Thus, no answer is required.

155.    On October 23, 2015, the Court issued an Order dismissing W.P.'s Eighth Cause of Action, in which he purports to allege that Princeton, Dr. McLean, and Dr. Kolligian defrauded him.  Thus, no answer is required.

156.    On October 23, 2015, the Court issued an Order dismissing W.P.'s Eighth Cause of Action, in which he purports to allege that Princeton, Dr. McLean, and Dr. Kolligian defrauded him.  Thus, no answer is required.

**NINTH CAUSE OF ACTION**

157.    Princeton repeats its responses to the allegations contained in Paragraphs 1 through 156 of the First Amended Complaint as if fully set forth herein.

158.    Paragraph No. 158 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.  Princeton admits that W.P.'s tuition,

room, and board were paid for the spring 2012 semester.  Princeton denies the remaining allegations contained in Paragraph No. 158 of the First Amended Complaint.

159.    Princeton denies the allegations contained in Paragraph No. 159 of the First Amended Complaint.

160.    Paragraph No. 160 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.  Princeton admits that Princeton's *Rights, Rules Responsibilities*, including Section 1.1.7, speak for themselves.  Princeton denies the remaining allegations contained in Paragraph No. 160.

161.    Princeton denies the allegations contained in Paragraph No. 161 of the First Amended Complaint.

162.    Princeton admits that W.P. purports to allege that Princeton breached a contract with him, but Princeton denies that Princeton engaged in the purported wrongdoing or in any wrongdoing whatsoever.

## TENTH CAUSE OF ACTION

163.    Princeton repeats its responses to the allegations contained in Paragraphs 1 through 162 of the First Amended Complaint as if fully set forth herein.

164.    Paragraph No. 164 of the First Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.  Princeton admits that W.P. and Princeton are or were parties to a contract, the terms and conditions of which speak for themselves.

165.    Princeton denies the allegations contained in Paragraph No. 165 of the First Amended Complaint.

166.    Princeton denies the allegations contained in Paragraph No. 166 of the First Amended Complaint.

167.    Princeton admits that W.P. purports to allege that Princeton breached an "implied term of good faith and fair dealing," but Princeton denies that Princeton engaged in the purported wrongdoing or in any wrongdoing whatsoever.

168.    Princeton and the Named Individual Defendants deny each and every allegation contained in the First Amended Complaint that they have not, herein, specifically admitted.

169.    Princeton and the Named Individual Defendants deny that W.P. is entitled to the relief that he requests or to any relief whatsoever.

## SEPARATE AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

W.P.'s claims are barred or limited by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

W.P.'s claims are untimely and/or barred or limited by the doctrines of laches, estoppel, unclean hands, and/or waiver.

### FOURTH AFFIRMATIVE DEFENSE

W.P.'s claims are barred or limited by his failure to exhaust administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

W.P.'s claims are barred or limited by the Charitable Immunity Act.

## SIXTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Princeton and the Named Individual Defendants acted justifiably, in good faith, without malice, and in the legitimate exercise of their authority and discretion.

## SEVENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Princeton and the Named Individual Defendants reasonably relied upon the findings, recommendations, and opinions of their medical experts and consultants.

## EIGHTH AFFIRMATIVE DEFENSE

At all times relevant herein, Princeton and the Named Individual Defendants adhered to all of their established protocols and procedures.

## NINTH AFFIRMATIVE DEFENSE

At all times relevant hereto, the actions of Princeton and the Named Individual Defendants were authorized by and in compliance with all applicable laws, regulations, and standards.

## TENTH AFFIRMATIVE DEFENSE

W.P. posed a direct threat to himself and/or to others which could not be sufficiently mitigated without fundamentally altering Princeton's academic program.

## ELEVENTH AFFIRMATIVE DEFENSE

Because W.P. was unable to participate in Princeton's academic program, with or without a reasonable accommodation, he was not otherwise qualified under applicable law.

## TWELFTH AFFIRMATIVE DEFENSE

W.P. was accorded an equal opportunity to benefit from a Princeton education.

## THIRTEENTH AFFIRMATIVE DEFENSE

W.P. has failed to adequately mitigate his alleged damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

The New Jersey Law against Discrimination preempts W.P.'s state law claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

The inadvertent or unintentional failure by Princeton and the Named Individual Defendants to assert any defense not asserted herein shall not be deemed a waiver in whole or in part of that defense. Princeton and the Named Individual Defendants reserve the right to assert any such defense in amended or modified pleadings.

## SIXTEENTH AFFIRMATIVE DEFENSE

Princeton and the Named Individual Defendants reserve the right to assert additional defenses as may be ascertained through discovery.

**WHEREFORE**, Princeton and the Named Individual Defendants deny that W.P. is entitled to any relief whatsoever, and respectfully request that the Court dismiss the First Amended Complaint with prejudice, and award Princeton and the Named Individual Defendants such further relief as the Court deems appropriate.

Respectfully submitted,

**SAIBER LLC**

By:___*s/ William F. Maderer*_____
      William F. Maderer, Esq.
      Ryan E. San George, Esq.
      **SAIBER LLC**
      18 Columbia Turnpike, Suite 200
      Florham Park, New Jersey 07932
      Phone: (973) 622-3333
      Email: wmaderer@saiber.com

Henry Morris, Jr., Esq.
Karen Vladeck, Esq.
**ARENT FOX LLP**
1717 K Street, NW
Washington D.C. 20036
Phone: (202) 857-6403
Email: morris.henry@arentfox.com

*Attorneys for Defendant Princeton
University and the Named Individual
Defendants*

Dated: December 7, 2015

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

I certify that, to the best of my knowledge, the matter in controversy is not the subject of

any other action pending in any court, or of any pending arbitration or administrative proceeding.

**SAIBER LLC**
*Attorneys for Defendant Princeton University and*
*the Named Individual Defendants*


By:___*s/ William F. Maderer*_____
          William F. Maderer, Esq.


Dated: December 7, 2015

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1(d)</u>

Pursuant to Local Civil Rule 201.1(d), the undersigned, counsel for Princeton University and the Named Individual Defendants, hereby certifies that this action is not appropriate for compulsory arbitration because it involves a sum in excess of $150,000.

**SAIBER LLC**
*Attorneys for Defendant Princeton University and the Named Individual Defendants*

By: ____*s/ William F. Maderer*____
       William F. Maderer, Esq.

Dated: December 7, 2015

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 7th day of December, 2015, the original of the within Answer

to the First Amended Complaint was electronically filed with the Court and electronically served

via CM/ECF upon counsel for W.P.

**SAIBER LLC**
*Attorneys for Defendant Princeton University and
the Named Individual Defendants*


By:    *s/ William F. Maderer*
            William F. Maderer, Esq.