UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| W.P., | : |
|     Plaintiff, | :   Civil Action No. 14-1893 (PGS) |
| v. | :   MEMORANDUM OPINION |
| PRINCETON UNIVERSITY et al, | : |
|     Defendants. | : |

This matter comes before the Court upon Plaintiff, W.P.'s ("Plaintiff") motion to file a second amended complaint (Docket Entry No. 98) against Defendants Princeton University ("Princeton"), Cynthia Cherry, Cole Crittenden, Kathleen Deignan, John Kolligan, Anita McLean and Michael Olin (collectively, "Defendants"). Defendants oppose Plaintiff's motion (Docket Entry No. 99). The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion to file a second amended complaint is GRANTED.

I.    **Background and Procedural History**

This case arises out of an incident in which Plaintiff "impulsively ingested" approximately twenty tablets of a prescribed anti-depressant while in his dorm room at Princeton University. (Pl.'s Compl. at ¶28). Plaintiff immediately tried to induce vomiting and unable to do so, walked to Princeton's Health Center for assistance. (Id.) Plaintiff alleges that he was required to voluntarily withdraw from Princeton due to this incident. (Id. at ¶38).

On March 26, 2014, Plaintiff filed a complaint against Princeton University, Cynthia

Cherry, Cole Crittenden, Kathleen Deignan, John Kolligan, Anita McLean, Michael Olin, Shirley Tilghman and Does 1-10 alleging violations of the Fair Housing Act Amendments of 1998, the Rehabilitation Act of 1973, the Americans with Disabilities Act and the New Jersey Law Against Discrimination (Docket Entry No. 1).  Defendants filed a Motion for Partial Dismissal of the Complaint on October 8, 2014 (Docket Entry No. 12).  On October 20, 2014, Plaintiff filed an amended complaint. (Docket Entry No. 14).  Defendants asked the Court to terminate their motion for partial dismissal so that they could respond to Plaintiff's amended complaint.  (Docket Entry No. 17).  The Court granted the request and Defendants subsequently filed a motion for partial dismissal of the amended complaint on October 31, 2014. (Docket Entry No. 21).  On October 23, 2015, Defendants' motion for partial dismissal was granted as to Plaintiff's Rehabilitation Act and Americans with Disabilities Acts claims against the named individual defendants, Plaintiff's fraud claims and all claims against Shirley Tilghman and denied as to the intentional infliction of emotional distress claims against all Defendants except Shirley Tilghman, and the breach of contract and good faith and fair dealing claims.  (Docket Entry No. 49).

Plaintiff filed the instant motion on October 14, 2016.

### A. Plaintiff's Motion to Amend

Plaintiff seeks to amend his complaint to "(1) refelect the Court's October 23, 2015 Order on the Defendants' Motion for Partial Dismissal; (2) clarify factual allegations underpinning already existing-claims; and (3) add an additional claim for publication of private facts based upon factual allegations existing in the Plaintiff's original complaint and further exacerbated by subsequent conduct of the Defendants in this litigation." (Pl.'s Br. in Supp. of Mot. at 2)

Plaintiff argues that allowing the amendment will not prejudice defendants as it will not

extend or delay the case. (Id. at 8) Moreover, Plaintiff states that "Defendants were made aware of Plaintiff's intention to amend, and the parties consequently agreed to push back by two weeks the start date of formal discovery…" (Id.). Plaintiff notes that he is "merely seeking to clarify the factual allegations underpinning already-existing claims and to add factual allegations of which the Defendants have been aware of since at least when Plaintiff made his arguments at the hearing on Defendants' Motion to Dismiss." (Id. at 9). Plaintiff argues that there has been no undue delay as formal discovery has not yet started. (Id. at 9). Plaintiff further argues that he has not acted in bad faith or with a dilatory motive. Plaintiff states that he has been "transparent with Defendants regarding its intention to seek leave to amend." (Id. at 10).

Finally, Plaintiff argues that his motion to amend is not futile. Plaintiff notes that the "clarifying factual allegations are added to causes of action which have already survived Defendants' Motion to Dismiss. (Id. at 11). Plaintiff further notes that the new cause of action is based on factual allegations already known by the Defendants and previously aired in proceedings before this Court." (Id.)

### B. Defendants' Opposition

Defendants argue that Plaintiff's new claim of public disclosure of private facts (Count Ten) and his augmented claims of invasion of privacy (Count Six) and intentional infliction of emotional distress (Count Five) could not survive a motion to dismiss and are, therefore, futile. (Defs.' Br. in Opp. at 1).

Defendants argue that the letters referenced in Plaintiff's new claim of public disclosure of private facts (a letter from Dean Kathleen Deignan to W.P. dated March 7, 2012 and a letter from Vice President Cynthia Cherrey to W.P. dated March 26, 2012 ("the letters")) fall under the litigation privilege, therefore, the proposed claims based upon Defendants' decision to attach the

letters to their motion for partial dismissal are barred. (Id. at 2). Defendants note that it was Plaintiff who introduced the letters into the case by referencing them in his pleadings. (Id. at 3). Defendant further argues that Plaintiff's "disclosure of private facts, intentional infliction, and invasion of privacy claims would fail, to the extent that he predicates them on the Letters." (Id. at 5).

Defendant states that Plaintiff must plead three elements in his public disclosure of private facts claim: "(1) that private matters were revealed; (2) that dissemination of such facts would be highly offensive to a reasonable person; and (3) that there is no legitimate public interest in the disclosure." (Id. at 5, citing *Capers v. FedEx Ground*, No. 2:02-CV-5532, 2012 WL 2050247 at *5 (D.N.J. June 6, 2012); *Wilson v. Grant*, 297 N.J. Super 128, 139 (App. Div. 1996) (quoting *Romaine v. Kallinger*, 109 N.J. 282, 292 (1988)). Defendants state that Plaintiff's claim fails under that standard because Plaintiff "voluntarily disclosed detailed information about his circumstances nearly seven months before [Defendants] filed their Motion for Partial Dismissal. (Id. at 6). Defendant states that in order to a disclosure to be highly offensive to a reasonable person, Plaintiff must first prove that he had a reasonable expectation of privacy in the information. (Id. citing *White v. White*, 344 N.J. Super 211, 222-23 (Ch. Div. 2001). Defendant argues that the disclosure is not "highly offensive" as Plaintiff voluntarily placed the letters and details about his medical condition into the public sphere and thus cannot have a reasonable expectation that the information would remain private. (Id. at 7).

### C.  Plaintiff's Reply

Plaintiff argues that Defendant incorrectly focuses on litigation privilege and notes that he seeks to amend his complaint based on Defendants' decision to attach <u>unredacted</u> records to court pleadings "despite the Plaintiff's then-pending motion to proceed anonymously in this

case." (Pl.'s Reply Br. at 1). Plaintiff states that "Defendants have failed to identify any case law supporting their position that the litigation privilege protects them from Plaintff's new allegations here, which involve the Defendants' failure to properly redact and protect the Plaintiff's identity and confidential medical information from public disclosure. (Id. at 4). Plaintiff further states that Defendants "conflate[] the liberal standards of amendment with incorrect assertions concerning the purported merits of [] Plaintiff's claim. (Id. at 10).

**II.   Analysis**

Pursuant to Fed.R.Civ.P.15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." (Id.)  However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility the District Court uses "the same standard of legal sufficiency" as applied for a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "Accordingly, if a claim is vulnerable to dismissal under *Rule 12(b)(6)*, but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." (Id.)

The Court finds that Plaintiff has plead sufficient facts to show that the motion to amend

is not futile.  The Court finds that the litigation privilege is not relevant.  Plaintiff does not object to the attachment of the letters to Defendants' motion to dismiss, rather, he objects to the attachment of *unredacted* letters containing his identity and personal medical information.  Additionally, the Court finds that Plaintiff did not voluntarily place the letters and his medical information into the public sphere.  Although he mentioned the letters in his pleadings, his identity was not connected with the medical information.  Furthermore, it is clear that Plaintiff wanted to maintain his anonymity due to that fact that he filed an Application to Proceed Anonymously on the same day that he filed his Complaint.

The Court finds that there was no undue delay, bad faith or dilatory motive by Plaintiff.  Discovery was stayed on February 23, 2016 pending settlement discussions and has not yet commenced.  There is no evidence that Plaintiff has proceeded in bad faith or with a dilatory motive.

### III.   Conclusion

For the reasons set forth above, Plaintiffs' Motion to Amend is GRANTED.  An appropriate Order follows.

Dated: December 30, 2016

                                           s/  Tonianne J. Bongiovanni
                                           **HONORABLE TONIANNE J. BONGIOVANNI**
                                           **UNITED STATES MAGISTRATE JUDGE**