William F. Maderer, Esq.
Ryan E. San George, Esq.
**SAIBER LLC**
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
Phone: (973) 622-3333
Email: wmaderer@saiber.com

Henry Morris, Jr., Esq.
Emily Baver Slavin, Esq.
**ARENT FOX LLP**
1717 K Street, N.W.
Washington, DC 20006
Phone: (202) 857-6403
Email: morris.henry@arentfox.com

*Attorneys for Defendant Princeton University and*
*the Named Individual Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| W.P.,<br><br>                    Plaintiff,<br><br>v.<br><br>PRINCETON UNIVERSITY,<br>Cynthia Cherrey, Ph.D,<br>Cole Crittenden, Ph.D.,<br>Dean Kathleen Deignan,<br>John Kolligian, Ph.D., M.B.A.,<br>Anita McLean, Ph.D., Psy.D., and<br>Michael Olin, Ph.D.<br><br>                    Defendants. | Civil Action No. 14-1893 (PGS)(TJB)<br><br>**PRINCETON AND THE NAMED**<br>**INDIVIDUAL DEFENDANTS' ANSWER**<br>**<u>TO SECOND AMENDED COMPLAINT</u>** |

Princeton University ("Princeton"), Cynthia Cherrey, Ph.D, Cole Crittenden, Ph.D., Dean

Kathleen Deignan, John Kolligian, Ph.D., M.B.A., Anita McLean, Ph.D., Psy.D., and Michael

Olin, Ph.D. (collectively the "Named Individual Defendants"), by and through their undersigned

counsel, answer the Second Amended Complaint as follows:

## NATURE OF THE ACTION

1.      Paragraph 1 of the Second Amended Complaint contains prefatory recitals, legal conclusions, and/or jurisdictional allegations, to which no response is required.  To the extent that a response is required, Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 1 of the Second Amended Complaint.

2.      Paragraph 2 of the Second Amended Complaint contains prefatory recitals, legal conclusions, and/or jurisdictional allegations, to which no response is required.  To the extent that a response is required, Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 2 of the Second Amended Complaint.

3.      Paragraph 3 of the Second Amended Complaint contains prefatory recitals, legal conclusions, and/or jurisdictional allegations, to which no response is required.  To the extent that a response is required, Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 3 of the Second Amended Complaint.

4.      Paragraph 4 of the Second Amended Complaint contains prefatory recitals, legal conclusions, and/or jurisdictional allegations, to which no response is required.  To the extent that a response is required, Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 4 of the Second Amended Complaint.

5.      Paragraph 5 of the Second Amended Complaint contains prefatory recitals, legal conclusions, and/or jurisdictional allegations, to which no response is required.  To the extent that a response is required, Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 5 of the Second Amended Complaint.

6.      Paragraph 6 of the Second Amended Complaint contains prefatory recitals, legal

conclusions, and/or jurisdictional allegations, to which no response is required.  To the extent

that a response is required, Princeton and the Named Individual Defendants deny the allegations

contained in Paragraph 6 of the Second Amended Complaint.

**PARTIES**

7.      Princeton and the Named Individual Defendants admit that W.P. is a Princeton graduate.

Princeton and the Named Individual Defendants lack sufficient knowledge or information to

admit or deny W.P.'s allegations about his age, address, and health history.  Princeton and the

Named Individual Defendants deny that they regarded W.P. as disabled under the law.  The

remainder of Paragraph 7 of the Second Amended Complaint contains legal conclusions and/or

jurisdictional allegations to which no response is required.

8.      Princeton and the Named Individual Defendants admit that Princeton is a not-for-profit

educational institution, incorporated in New Jersey, and that its mailing address is Princeton

University, Princeton, N.J. 08544.  Princeton and the Named Individual Defendants further admit

that Princeton receives federal funds.  The remainder of Paragraph 8 contains legal conclusions

and/or jurisdictional allegations to which no response is required.

9.      Princeton and the Named Individual Defendants admit that Cynthia Cherrey, Ph.D. was

Princeton's Vice President of Campus life.  Princeton and the Named Individual Defendants

further admit that Dr. Cherrey is the International Leadership Association, Inc.'s Chief Executive

Officer and that the International Leadership Association, Inc. is located at 11110 Bonifant

Street, Suite #510, Silver Spring, MD 20910-3358110, Suite #510, Silver Spring, MD. 20910-

3358.  The remainder of Paragraph 9 contains legal conclusions and/or jurisdictional allegations to which no response is required.

10.     Princeton and the Named Individual Defendants admit that Cole Crittenden, Ph.D. is Princeton's Deputy Dean of the Graduate School, whose business address is Office of the Dean of the Graduate School, Clio Hall Princeton, NJ 08544.  The remainder of Paragraph 10 contains legal conclusions and/or jurisdictional allegations to which no response is required.

11.     Princeton and the Named Individual Defendants admit that Kathleen Deignan is Princeton's Dean of Undergraduate Students, whose business address is Office of the Dean of Undergraduate Students, 313 West College, Princeton, NJ  08544.  The remainder of Paragraph 11 contains legal conclusions and/or jurisdictional allegations to which no response is required.

12.     Princeton and the Named Individual Defendants admit that John Kolligian, Jr., Ph.D., M.B.A., is Executive Director of Princeton's University Health Services, whose business address is 215 McCosh Health Center, Princeton, NJ  08544.  The remainder of Paragraph 12 contains legal conclusions and/or jurisdictional allegations to which no response is required.

13.     Princeton and the Named Individual Defendants admit that Anita McLean, Ph.D., Psy.D., was Director of Counseling and Psychological Services ("CPS"), in Princeton's University Health Services, located at McCosh Health Center, Princeton University, Princeton, New Jersey 08544.  Princeton and the Named Individual Defendants further admit that Dr. McLean is a full-time clinical psychologist, in private practice at 20 Nassau Street, Suite 221, Princeton, NJ 08542, and a visiting professor at the Graduate School of Applied and Professional Psychology at Rutgers University.  The remainder of Paragraph 13 contains legal conclusions and/or jurisdictional allegations to which no response is required.

-4-

14.     Princeton and the Named Individual Defendants admit that Michael Olin, Ph.D., is Princeton's Associate Dean of Undergraduate Students, whose business address is Office of the Dean of Undergraduate Students, 313 West College, Princeton, N.J.  08544.  The remainder of Paragraph 14 contains legal conclusions and/or jurisdictional allegations to which no response is required.

15.     Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph 15.

## JURISDICTION AND VENUE

16.     Paragraph 16 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

17.     Paragraph 17 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

## RELEVANT STATUTORY SCHEMES

## FAIR HOUSING ACT AMENDMENTS OF 1998

18.     Paragraph 18 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

19.     Paragraph 19 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

20.     Paragraph 20 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

21.     Paragraph 21 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

22.     Paragraph 22 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

## **REHABILITATION ACT OF 1973**

23.     Paragraph 23 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

24.     Paragraph 24 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

25.     Paragraph 25 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

26.     Paragraph 26 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

## **AMERICANS WITH DISABILITIES ACT**

27.     Paragraph 27 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

28.     Paragraph 28 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

29.     Paragraph 29 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

30.     Paragraph 30 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

## NEW JERSEY LAW AGAINST DISCRIMINATION

31.     Paragraph 31 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

32.     Paragraph 32 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

33.     Paragraph 33 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

34.     Paragraph 34 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

35.     Paragraph 35 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

## FACTUAL ALLEGATIONS

36.     Paragraph 36 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 36 of the Second Amended Complaint.

37.     Princeton and the Named Individual Defendants admit that W.P.'s tuition and fees were paid through the spring 2012 semester.  Princeton and the Named Individual Defendants lack

sufficient knowledge and information to admit or deny his contention that he complied with any other obligations to Princeton.

38.     Princeton and the Named Individual Defendants admit that, during the 2011-2012 academic year, W.P. was a Princeton freshman.  Princeton and the Named Individual Defendants further admit that, on or about August 30, 2011, before classes began, he visited CPS and sought referrals to providers.  Princeton and the Named Individual Defendants admit that Paragraph No. 38 of the Second Amended Complaint contains an excerpt from UHS' Patient Rights and Privacy statement.  Princeton and the Named Individual Defendants admit that W.P. treated with Jonathan Pastor, Psy.D., CC-AASP, who is the CPS's Associate Director.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 38 of the Second Amended Complaint.

39.     Princeton and the Named Individual Defendants admit that, in mid-September 2011, W.P. received services through CPS.  Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 39 of the Second Amended Complaint.

40.     Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph 40 of the Second Amended Complaint.

41.     Princeton and the Named Individual Defendants deny W.P.'s contention that, during the 2011-2012 academic year, he had no disciplinary infractions.  Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny W.P.'s contention that he had no "academic issues."

42.     Princeton and the Named Individual Defendants admit that, on February 25, 2012, W.P. took an overdose of Trazodone tablets.  Princeton and the Named Individual Defendants further admit that he walked to the UHS' McCosh Health Center, which had him transported to the University Medical Center at Princeton ("UMCP").  Princeton and the Named Individual Defendants also admit that UMCP admitted him.  Princeton and the Named Individual Defendants deny W.P.'s contention that UMCP discharged him on February 28, 2012.  Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 42 of the Second Amended Complaint.

43.     Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph 43 of the Second Amended Complaint**.**

44.     Princeton and the Named Individual Defendants deny W.P.'s contention that UMCP discharged him.  Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 44 of the Second Amended Complaint.

45.     Princeton and the Named Individual Defendants admit that W.P. was not involuntarily committed for inpatient psychiatric services.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph 45 of the Second Amended Complaint.

46.     Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny W.P.'s contention that "[w]ith the help of friends who brought him course materials, W.P. had been completing coursework from the hospital."  Princeton and the

Named Individual Defendants deny the remaining allegations contained in Paragraph 46 of the Second Amended Complaint.

47.     Princeton and the Named Individual Defendants admit that Princeton House is a psychiatric hospital not affiliated with Princeton.  Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 47 of the Second Amended Complaint.

48.     Princeton and the Named Individual Defendants admit that, on February 29, 2012, W.P. met with Dr. McLean, and Kathleen Donise, M.D.  Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny W.P.'s allegation about his familiarity with information concerning student confidentiality contained on UHS' Web page.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 48 of the Second Amended Complaint.

49.     Princeton and the Named Individual Defendants admit that, before the February 29, 2012 conference, they did not speak with W.P.'s treating physician.  Princeton and the Individual Defendants lack sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 49 of the Second Amended Complaint.

50.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 50 of the Second Amended Complaint.

51.     Princeton and the Named Individual Defendants admit that Dr. McLean was the director of CPS at the time of the events described in the Second Amended Complaint.  Princeton and the

Named Individual Defendants deny the remaining conclusions contained in Paragraph 51 of the Second Amended Complaint.

52.     Princeton and the Named Individual Defendants admit that on February 29, 2012, Dean Crittenden and Dean Olin met with Drs. McLean and Donise.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph 52 of the Second Amended Complaint.

53.     Princeton and the Named Individual Defendants admit that, on February 29, 2012, Dean Crittenden and Olin, and Drs. McLean and Donise met with W.P. and his mother.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 53 of the Second Amended Complaint.

54.     Princeton and the Named Individual Defendants admit that W.P. pressed to return to campus, immediately.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph 54 of the Second Amended Complaint.

55.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 55 of the Second Amended Complaint.

56.     Princeton and the Named Individual Defendants admit that Deans Crittenden and Olin informed W.P. that once a student misses more than two weeks of classes, the student may need to withdraw due to individual course requirements, including attendance.  Princeton and the Named Individual Defendants deny the remaining allegations in Paragraph 56 of the Second Amended Complaint.

57.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 57of the Second Amended Complaint.

58.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 58 of the Second Amended Complaint.

59.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 59 of the Second Amended Complaint.

60.     Princeton and the Named Individual Defendants admit that Princeton's Academic Regulations speak for themselves.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph 60 of the Second Amended Complaint.

61.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 61 of the Second Amended Complaint.

62.     Princeton and the Named Individual Defendants admit that Princeton requires first and second year students to reside in a residential college on campus.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph 62 of the Second Amended Complaint.

63.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 63 of the Second Amended Complaint.

64.     Princeton and the Named Individual Defendants state that Princeton's academic regulations speak for themselves.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph 64 of the Second Amended Complaint.

-12-

65.     Princeton and the Named Individual Defendants deny that Deans Crittenden and Olin and Dr. McLean acted in a demeaning fashion, designed to so demoralize W.P. as to force him to withdraw.  Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 65 of the Second Amended Complaint.

66.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 66 of the Second Amended Complaint.

67.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 67 of the Second Amended Complaint.

68.     Princeton and the Named Individual Defendants admit that Dean Crittenden reminded W.P. that he had not been cleared to return to campus.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph 68 of the Second Amended Complaint.

69.     Princeton and the Named Individual Defendants admit that some programs are open to the public.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph 69 of the Second Amended Complaint.

70.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 70 of the Second Amended Complaint.

71.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 71 of the Second Amended Complaint.

72.     Princeton and the Named Individual Defendants admit that Princeton's Board of Trustees is its governing body.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph 72 of the Second Amended Complaint.

73.     Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph 73 of the Second Amended Complaint.

74.     Princeton admits that, on February 29, 2012, Dean Crittenden sent W.P. an email, which speaks for itself.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph 74 of the Second Amended Complaint.

75.     Princeton and the Named Individual Defendants admit that Rule 1.1.7 of Princeton's *Rights, Rules, and Responsibilities* speaks for itself.  Princeton and the Named Individual Defendants further admit that, on March 1, 2012, W.P.'s mother contacted Princeton's General Counsel, Peter McDonough, who explained, among other things, that Dean Deignan's decision regarding W.P. was subject to review in the normal course, by Vice President Cherrey, and that any complaint about disability discrimination could be directed to the Director of the Equal Opportunity Program, in the Provost's Office.

76.     Princeton and the Named Individual Defendants admit that, on March 2, 2012, W.P.'s mother spoke by telephone with Vice President Cherrey, who suggested an in-person meeting with Dean Deignan and Dr. Kolligian.  Princeton and the Individual Defendants further admit that the meeting was scheduled but clarify that it was scheduled for March 5th, at 3:00 p.m. Princeton and the Named Individual admit that Wokie Nwabueze is Princeton's Ombudsperson. Princeton and the Named Individual Defendants lack sufficient knowledge and information to

admit or deny W.P.'s allegations about his and his parents' mental impressions.  Princeton denies the remaining allegations contained in Paragraph 76 of the Second Amended Complaint.

77.     Princeton and the Named Individual Defendants admit that, beginning on March 1, 2012, W.P.'s mother demanded that Princeton's Office of Disability Services give W.P. access to tapes or transcripts of all of his classes until he could return to campus.  Princeton and the Named Individual Defendants further admit that Dr. Axelson addressed the issue in a March 6th email to W.P., which speaks for itself.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph 77 of the Second Amended Complaint.

78.     Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph 78 of the Second Amended Complaint.

79.     Princeton and the Named Individual Defendants admit that, on March 5, 2012, Dean Crittenden, Dean Deignan, Dr. Kolligian, Dean Olin, Dr. McLean, and Dr. Donise met with W.P. and his parents.  Princeton and the Named Individual Defendants further admit that W.P.'s father placed a tape recorder on the table.  Princeton and the Named Individual Defendants also admit that the Princeton attendees listened as W.P.'s parents spoke.  Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny W.P.'s allegation about what he and his parents believed.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph 79 of the Second Amended Complaint.

80.     Princeton and the Named Individual Defendants admit that, on March 7, 2012, Dean Deignan wrote a letter to W.P., which speaks for itself.  Princeton and the Named Individual

Defendants deny the remaining allegations contained in Paragraph 80 of the Second Amended Complaint.

81.     Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph 81 of the Second Amended Complaint.

82.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 82 of the Second Amended Complaint.

83.     Princeton and the Named Individual Defendants admit that, on March 9, 2012, Vice President Cherrey wrote a letter to W.P., which speaks for itself.  Princeton and the Named Individual Defendants further admit that, during the week of March 12th, Julia Graff, Esquire, from the Bazelon Center for Mental Health Law, contacted Princeton's General Counsel McDonough and pressed for a meeting to be arranged between W.P. and Vice President Cherrey. Vice President Cherrey agreed to meet with W.P. on Friday, March 16, 2012.  Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny W.P.'s contention that his attorney represented him *pro bono*.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph 83 of the Second Amended Complaint.

84.     Princeton and the Named Individual Defendants admit that, on March 16, 2012, W.P., his mother, and Ms. Graff met with Vice President Cherrey, Dr. Kolligian, and Hannah Ross, Esquire, who attended as an observer.   During the meeting, W.P. discussed his views, treatment, and plans. Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph 84 of the Second Amended Complaint.

85.     Princeton and the Named Individual Defendants admit that, in connection with the March 16th meeting, W.P. submitted various documents.  Those documents speak for themselves.

86.     Princeton and the Named Individual Defendants admit that, on March 19th, Vice President Cherrey wrote a letter to W.P., which speaks for itself.  Princeton and the Named Individual Defendants further admit that W.P., or someone on his behalf, forwarded records to Princeton.  Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny Plaintiff's allegations about his beliefs.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph 86 of the Second Amended Complaint.

87.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 87 of the Second Amended Complaint.

88.     Princeton and the Named Individual Defendants admit that Vice President Cherrey wrote a letter to W.P. on March 26, 2012, which speaks for itself.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph 88 of the Second Amended Complaint.

89.     Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny Plaintiff's allegations about what his health insurance plans cover. Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 89 of the Second Amended Complaint.

90.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 90 of the Second Amended Complaint.

91.     Princeton and the Named Individual Defendants admit that W.P. notified Princeton that he wished to withdraw.  Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny W.P.'s allegations about his emotional state and his reason(s) for withdrawing.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph 91 of the Second Amended Complaint.

92.     Princeton and the Named Individual Defendants admit that, on April 9, 2012, Lisa Herschbach, Dean of Wilson College, and Claire Fowler, Senior Associate Dean of the College and Secretary, Committee on Examinations and Standing, wrote a letter to W.P., which speaks for itself.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph 92 of the Second Amended Complaint.

93.     Princeton and the Named Individual Defendants admit that, on April 24, 2012, Deans Olin and Crittenden wrote a letter to W.P., which speaks for itself.  Princeton and the Named Individual Defendants deny the remaining allegations in contained in Paragraph 93 of the Second Amended Complaint.

94.     Princeton and the Named Individual Defendants admit that Deans Olin and Crittenden responded in their April 24th letter, to W.P.'s request for permission to visit Princeton's campus during the period of his withdrawal.  Their communication speaks for itself.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph 94 of the Second Amended Complaint.

95.     Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph 95 of the Second Amended Complaint.

96.     Princeton and the Named Individual Defendants admit that Princeton readmitted W.P. in the spring of 2013.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph 96 of the Second Amended Complaint.

97.     Paragraph 97 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph 97 of the Second Amended Complaint.

98.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 98 of the Second Amended Complaint.

99.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 99 of the Second Amended Complaint.

100.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 100 of the Second Amended Complaint.

101.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 101 of the Second Amended Complaint.

102.     Princeton and the Named Individual Defendants state that Princeton's *Rights, Rules, Responsibilities* Section 1.1.7 speaks for itself.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph 102 of the Second Amended Complaint.

103.     Princeton and the Named Individual Defendants state that Princeton's *Rights, Rules, Responsibilities* Section 1.1.7 and Princeton's other policies speak for themselves.  Princeton and

the Named Individual Defendants lack sufficient knowledge and information to admit or deny W.P.'s allegation about to what he has been directed. The remainder of Paragraph 103 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

104.    Paragraph 104 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.

105.    Paragraph 105 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required. Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph 105 of the Second Amended Complaint.

106.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 106 of the Second Amended Complaint.

107.    Princeton and the Named Individual Defendants state that Princeton's policies and procedures speak for themselves.

108.    Princeton and the Named Individual Defendants admit that Princeton's *Rights, Rules, Responsibilities* Section 1.1.7 speaks for itself. Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph 108 of the Second Amended Complaint.

109.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 109 of the Second Amended Complaint.

110.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 110 of the Second Amended Complaint.

111.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 111 of the Second Amended Complaint.

112.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 112 of the Second Amended Complaint.

113.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 113 of the Second Amended Complaint.

114.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 114 of the Second Amended Complaint, except to admit only that a redacted copy of Dean Deignan's letter was filed on October 8, 2014 as an attachment to Princeton and the Named Individual Defendants' motion for partial dismissal.

115.    Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph 115 of the Second Amended Complaint, except to deny that the redacted copy of Dean Deignan's letter filed on October 8, 2014 as an attachment to Defendants' motion for partial dismissal was improperly redacted.

116.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 116 of the Second Amended Complaint.

117.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 117 of the Second Amended Complaint.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

118.    Princeton and the Named Individual Defendants repeat all of their foregoing responses to the allegations contained in the Second Amended Complaint as if fully set forth herein.

119.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 119 of the Second Amended Complaint.

120.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 120 of the Second Amended Complaint.

121.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 121 of the Second Amended Complaint.

122.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 122 of the Second Amended Complaint.

123.    Princeton and the Named Individual Defendants admit that W.P. purports to allege that they violated the Fair Housing Amendments Act, but they deny that they engaged in the purported wrongdoing or in any wrongdoing whatsoever.

## SECOND CAUSE OF ACTION

124.    Princeton repeats all of its foregoing responses to the allegations contained in the Second Amended Complaint as if fully set forth herein.

125.     Paragraph 125 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.  Princeton denies the remaining allegations contained in Paragraph 125 of the Second Amended Complaint.

126.     Princeton denies the allegations contained in Paragraph No. 126 of the Second Amended Complaint.

127.     Princeton denies the allegations contained in Paragraph 127 of the Second Amended Complaint.

128.     Princeton denies the allegations contained in Paragraph 128 of the Second Amended Complaint.

129.     Princeton admits that W.P. purports to allege that it violated Section 504 of the Rehabilitation Act of 1973, but Princeton denies that it engaged in the purported wrongdoing or in any wrongdoing whatsoever.

## **THIRD CAUSE OF ACTION**

130.     Princeton repeats all of its foregoing responses to the allegations contained in the Second Amended Complaint as if fully set forth herein.

131.     Princeton denies the allegations contained in Paragraph 131 of the Second Amended Complaint.

132.     Princeton denies the allegations contained in Paragraph 132 of the Second Amended Complaint.

133.    Princeton denies the allegations contained in Paragraph 133 of the Second Amended Complaint.

134.    Princeton denies the allegations contained in Paragraph 134 of the Second Amended Complaint.

135.    Princeton denies the allegations contained in Paragraph 135 of the Second Amended Complaint.

136.    Princeton denies the allegations contained in Paragraph 136 of the Second Amended Complaint.

137.    Princeton denies the allegations contained in Paragraph 137 of the Second Amended Complaint.

138.    Princeton denies the allegations contained in Paragraph 138 of the Second Amended Complaint.

139.    Princeton admits that W.P. purports to allege that it violated the Americans with Disabilities Act, but Princeton denies that it engaged in the purported wrongdoing or in any wrongdoing whatsoever.

## **FOURTH CAUSE OF ACTION**

140.    Princeton and the Named Individual Defendants repeat all of their foregoing responses to the allegations contained in the Second Amended Complaint as if fully set forth herein.

141.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 141 of the Second Amended Complaint.

-24-

142.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 142 of the Second Amended Complaint.

143.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 143 of the Second Amended Complaint.

144.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 144 of the Second Amended Complaint.

145.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 145 of the Second Amended Complaint.

146.    Princeton and the Named Individual Defendants admit that W.P. purports to allege that they violated New Jersey's Law Against Discrimination, but they deny that they engaged in the purported wrongdoing or in any wrongdoing whatsoever.

## FIFTH CAUSE OF ACTION

147.    Princeton and the Named Individual Defendants repeat all of their foregoing responses to the allegations contained in the Second Amended Complaint as if fully set forth herein.

148.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 148 of the Second Amended Complaint.

149.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 149 of the Second Amended Complaint.

150.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 150 of the Second Amended Complaint.

151.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 151 of the Second Amended Complaint.

152.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 152 of the Second Amended Complaint.

153.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 153 of the Second Amended Complaint.

154.    Princeton and the Named Individual Defendants admit that W.P. purports to allege that they intentionally caused him to suffer severe emotional distress, but they deny that they engaged in the purported wrongdoing or in any wrongdoing whatsoever.

## SIXTH CAUSE OF ACTION

155.    Princeton and the Named Individual Defendants repeat all of their foregoing responses to the allegations contained in the Second Amended Complaint as if fully set forth herein.

156.    Princeton and the Named Individual Defendants admit that W.P. sought mental health care from CPS at Princeton in the course of which various workers became aware of individually identifiable health information about W.P.  Princeton and the Named Individual Defendants further admit that W.P. met with Drs. Donise and McLean during which they became aware of individually identifiable health information regarding W.P.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph 156 of the Second Amended Complaint.

157.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 157 of the Second Amended Complaint.

-26-

158.   Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 158 of the Second Amended Complaint, except to admit only that a redacted copy of Dean Deignan's letter was filed on October 8, 2014 as an attachment to Defendants' motion for partial dismissal.

159.   Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 159 of the Second Amended Complaint.

160.   Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 160 of the Second Amended Complaint.

161.   Princeton and the Named Individual Defendants admit that W.P. purports to allege that they violated his "right to privacy under state law," but they deny that they engaged in the purported wrongdoing or in any wrongdoing whatsoever.

**SEVENTH CAUSE OF ACTION**

162.   Princeton and the Named Individual Defendants repeat all of their foregoing responses to the allegations contained in the Second Amended Complaint as if fully set forth herein.

163.   Paragraph 163 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.  Princeton and the Named Individual Defendants admit that W.P. sought mental health care from CPS, in the course of which various workers became aware of individually identifiable health information about W.P.  Princeton and the Named Individual Defendants deny the remaining allegations contained in Paragraph No. 163 of the Second Amended Complaint.

164.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 164 of the Second Amended Complaint.

165.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 165 of the Second Amended Complaint.

166.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 166 of the Second Amended Complaint.

167.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 167 of the Second Amended Complaint.

168.    Princeton and the Named Individual Defendants admit that W.P. purports to allege that they violated, or participated in violating, his purported confidential relationship under state law, but they deny that they engaged in the purported wrongdoing or in any wrongdoing whatsoever.

## EIGHTH CAUSE OF ACTION

169.    Princeton repeats all of their foregoing responses to the allegations contained in the Second Amended Complaint as if fully set forth herein.

170.    Paragraph 170 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.  Princeton admits that W.P.'s tuition, room, and board were paid for the spring 2012 semester.  Princeton denies the remaining allegations contained in Paragraph 170 of the Second Amended Complaint.

171.    Princeton denies the allegations contained in Paragraph 171 of the Second Amended Complaint.

172.     Paragraph 172 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.  Princeton admits that Princeton's *Rights, Rules Responsibilities*, including Section 1.1.7, speak for themselves.  Princeton denies the remaining allegations contained in Paragraph 172.

173.     Princeton denies the allegations contained in Paragraph 173 of the Second Amended Complaint.

174.     Princeton admits that W.P. purports to allege that Princeton breached a contract with him, but Princeton denies that Princeton engaged in the purported wrongdoing or in any wrongdoing whatsoever.

## NINTH CAUSE OF ACTION

175.     Princeton repeats all of its foregoing responses to the allegations contained in the Second Amended Complaint as if fully set forth herein.

176.     Paragraph 176 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.  Princeton admits that W.P. and Princeton are or were parties to a contract, the terms and conditions of which speak for themselves.

177.     Princeton denies the allegations contained in Paragraph 177 of the Second Amended Complaint.

178.     Princeton denies the allegations contained in Paragraph 178 of the Second Amended Complaint.

179.    Princeton admits that W.P. purports to allege that Princeton breached an "implied term of good faith and fair dealing," but Princeton denies that Princeton engaged in the purported wrongdoing or in any wrongdoing whatsoever.

## TENTH CAUSE OF ACTION

180.    Princeton and the Named Individual Defendants repeat all of their foregoing responses to the allegations contained in the Second Amended Complaint as if fully set forth herein.

181.    Paragraph 181 of the Second Amended Complaint contains legal conclusions and/or jurisdictional allegations to which no response is required.  Princeton and the Named Individual Defendants admit that W.P. sought mental health care from CPS at Princeton in the course of which various workers became aware of individually identifiable health information about W.P. Princeton and the Named Individual Defendants deny that W.P. had a reasonable expectation that that information would not be further disclosed.

182.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 182 of the Second Amended Complaint, except to admit only that W.P. met with Drs. Donise and McLean during which they became aware of individually identifiable health information regarding W.P.  .

183.    Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 183 of the Second Amended Complaint, except to admit only that a redacted copy of Dean Deignan's letter was filed on October 8, 2014 as an attachment to Defendants' motion for partial dismissal.

184.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph 184 of the Second Amended Complaint.

185.     Princeton and the Named Individual Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph 185 of the Second Amended Complaint, except to deny that the redacted copy of Dean Deignan's letter filed on October 8, 2014 as an attachment to Defendants' motion for partial dismissal was improperly redacted.

186.     Princeton and the Named Individual Defendants deny the allegations contained in Paragraph No. 186 of the Second Amended Complaint.

187.     Princeton and the Named Individual Defendants admit that W.P. purports to allege that they wrongfully published private facts about his, but they deny that they engaged in purported wrongdoing or in any wrongdoing whatsoever.

188.     Princeton and the Named Individual Defendants deny each and every allegation contained in the Second Amended Complaint that they have not, herein, specifically admitted.

189.     Princeton and the Named Individual Defendants deny that W.P. is entitled to the relief that he requests or to any relief whatsoever.

## SEPARATE AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

W.P.'s claims are barred or limited by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

W.P.'s claims are untimely and/or barred or limited by the doctrines of laches, estoppel, unclean hands, and/or waiver.

## FOURTH AFFIRMATIVE DEFENSE

W.P.'s claims are barred or limited by his failure to exhaust administrative remedies.

## FIFTH AFFIRMATIVE DEFENSE

W.P.'s claims are barred or limited by the Charitable Immunity Act.

## SIXTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Princeton and the Named Individual Defendants acted justifiably, in good faith, without malice, and in the legitimate exercise of their authority and discretion.

## SEVENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Princeton and the Named Individual Defendants reasonably relied upon the findings, recommendations, and opinions of their medical experts and consultants.

## EIGHTH AFFIRMATIVE DEFENSE

At all times relevant herein, Princeton and the Named Individual Defendants adhered to all of their established protocols and procedures.

## NINTH AFFIRMATIVE DEFENSE

At all times relevant hereto, the actions of Princeton and the Named Individual Defendants were authorized by and in compliance with all applicable laws, regulations, and standards.

## TENTH AFFIRMATIVE DEFENSE

W.P. posed a direct threat to himself and/or to others which could not be sufficiently mitigated without fundamentally altering Princeton's academic program.

## ELEVENTH AFFIRMATIVE DEFENSE

Because W.P. was unable to participate in Princeton's academic program, with or without a reasonable accommodation, he was not otherwise qualified under applicable law.

## TWELFTH AFFIRMATIVE DEFENSE

W.P. was accorded an equal opportunity to benefit from a Princeton education.

## THIRTEENTH AFFIRMATIVE DEFENSE

W.P. has failed to adequately mitigate his alleged damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

The New Jersey Law Against Discrimination preempts W.P.'s state law claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

W.P. posed an actual risk to his own safety, and/or the safety of others, which could not be sufficiently mitigated without fundamentally altering Princeton's academic program.

## SIXTEENTH AFFIRMATIVE DEFENSE

The inadvertent or unintentional failure by Princeton and the Named Individual Defendants to assert any defense not asserted herein shall not be deemed a waiver in whole or in part of that defense.  Princeton and the Named Individual Defendants reserve the right to assert any such defense in amended or modified pleadings.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Princeton and the Named Individual Defendants reserve the right to assert additional defenses as may be ascertained through discovery.

**WHEREFORE**, Princeton and the Named Individual Defendants deny that W.P. is entitled to any relief whatsoever, and respectfully request that the Court dismiss the Second Amended Complaint with prejudice, and award Princeton and the Named Individual Defendants such further relief as the Court deems appropriate.

Respectfully submitted,

**SAIBER LLC**

By:  ___*s/ William F. Maderer*___
        William F. Maderer, Esq.
        Ryan E. San George, Esq.
        **SAIBER LLC**
        18 Columbia Turnpike, Suite 200
        Florham Park, New Jersey 07932
        Phone: (973) 622-3333
        Email: wmaderer@saiber.com

        Henry Morris, Jr., Esq.
        Emily Baver Slavin, Esq.
        **ARENT FOX LLP**
        1717 K Street, NW
        Washington D.C. 20036
        Phone: (202) 857-6403
        Email: morris.henry@arentfox.com

        *Attorneys for Defendant Princeton University and the Named Individual Defendants*

Dated: February 3, 2017

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

I certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court in this jurisdiction or of any pending arbitration.  It is, however, the subject of an administrative proceedings against Princeton, pending in the United States Department of Education's Office of Civil Rights -- Case No. 02-12-2155.

**SAIBER LLC**
*Attorneys for Defendant Princeton University and the Named Individual Defendants*

By:   *s/ William F. Maderer*
         William F. Maderer, Esq.

Dated: February 3, 2017

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1(d)</u>

Pursuant to Local Civil Rule 201.1(d), the undersigned, counsel for Princeton University and the Named Individual Defendants, hereby certifies that this action is not appropriate for compulsory arbitration because the relief sought by Plaintiff does not consist only of money damages.

**SAIBER LLC**
*Attorneys for Defendant Princeton University and the Named Individual Defendants*

By:   *s/ William F. Maderer*
      William F. Maderer, Esq.

Dated: February 3, 2017

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 3rd day of February, 2017, the original of the within Answer to the Second Amended Complaint was electronically filed with the Court and electronically served via CM/ECF upon counsel for W.P.

**SAIBER LLC**
*Attorneys for Defendant Princeton University and the Named Individual Defendants*


By: <u>   s/ William F. Maderer      </u>
        William F. Maderer, Esq.

-37-